USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1770 GEORGIA PACIFIC CORPORATION, Plaintiff, Appellee, v. PABLO EGUIA & SONS, INC., ET AL., Defendants, Appellants. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Coffin, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Federico Lora Lopez for appellants. ___________________ Manuel Fernandez-Bared with whom Nestor Duran and McConnell _______________________ _____________ _________ Valdes were on brief for appellee. ______ ____________________ January 31, 1994 ____________________ BREYER, Chief Judge. The sole issue on this ____________ appeal is whether a three-year, or a fifteen-year, statute of limitations applies to plaintiff's claims. We agree with the district court that a fifteen-year statute applies. And, we affirm its grant of summary judgment for the plaintiff. I Background __________ The parties agree about all the relevant facts. In 1981, the plaintiff, Georgia Pacific Corp., promised to pay the defendant, Pablo Eguia & Sons, a commission for finding retailers who would sell the plaintiff's bathroom tissue in Puerto Rico. The defendant, as an "inducement" to the plaintiff to enter into the contract, promised that it would "guaranty" the retailers' consequent "payment[s]." And, it entered into a Guaranty Agreement that spelled out the details. Apparently, over the years, certain retailers did not pay for bathroom tissue that they bought. And, in 1991, the plaintiff brought this diversity action in Puerto Rico's federal district court to collect on the defendant's guarantee. The only meaningful defense concerned the statute of limitations. Defendant argued that a three-year -2- 2 statute of limitations applied, in which case (the plaintiff concedes) it would bar the plaintiff's $214,000 claim. The plaintiff argued, however, that a different, fifteen-year statute of limitations applied to its claim, in which case (the defendant concedes) the claim is not time-barred. The district court, finding the fifteen-year statute applicable, granted summary judgment for the plaintiff. Defendant appeals. We agree with the plaintiff that the fifteen-year statute applies. II Analysis ________ The defendant rests its "three year" argument primarily upon two provisions of Puerto Rico's Commerce Code. The first says: The liability of . . . commercial __________ brokers . . . in the obligations in _______ _______________ which they take part by reason of their ________________________________________ office shall prescribe after three ______ years. 10 (App. I) L.P.R.A. 1904 (Article 942) (emphasis added). The second provision says: Actions arising from drafts shall ______ extinguish three years after maturity . . . . A similar rule shall be applied to commercial bills of exchange and ___________________________ promissory notes, checks, stubs and ________________________________________ other instruments of draft or exchange . ______________________________________ . . . -3- 3 10 (App. I) L.P.R.A. 1908 (Article 946) (emphasis added). If either of these provisions applies, the plaintiff's claim is barred. Unfortunately for the defendant, neither of these provisions applies. The first provision does not govern because, whether or not the defendant acted as a "commercial broker," one cannot fairly characterize the obligation upon __________ which the plaintiff is now suing as a "commercial broker's" obligation. Rather, that obligation is a guaranty ________ obligation, and the defendant, in guaranteeing the debts of another, acts as a surety, not as a commercial broker. See ___ 31 L.P.R.A. 4871 (Article 1721 of the Civil Code) (defining surety as "a person [who] binds himself to pay or perform for a third person in case the latter should fail to do so"). The fact that the defendant offered the guaranty as an "inducement" to obtain an (exclusive) sales representation arrangement makes no difference. One might offer all sorts of promises as inducements to obtain such an arrangement -- say, a promise to sell a private home, or the family silver, or a car. But, we should normally expect that the nature of the promise, not the promisor's motives, determines the appropriate prescriptive provision. One would normally expect, for example, that the prescription -4- 4 provisions applicable to real estate contracts, not some other provisions, govern a promise to sell real estate, irrespective of the reason why the owner wants to sell. We ______ have found nothing in the codes, commentators, or cases suggesting the contrary. The second provision (referring to "drafts," "commercial bills of exchange," "promissory notes," "checks," "stubs," and "other instruments of draft or exchange") does not apply because its "three-year prescription bars actions arising from negotiable __________ instruments." 5 R. Gay de Montella, Codigo de Comercio ___________ Espanol Comentado 503-04 (1936) (describing corresponding provision in Spanish Code of Commerce) (translated, and quoted, in Portilla v. Banco Popular de Puerto Rico, 75 ________ ______________________________ P.R.R. 94, 119 (1953)) (emphasis added). A "negotiable instrument" is a financial instrument that, among other things, embodies an "unconditional promise or order to pay a sum certain." 19 L.P.R.A. 2 (defining "negotiable instrument[]"); see also id. 361 (defining "promissory ___ ____ __ note" similarly); id. 221 (defining "bill of exchange" __ similarly); id. 362 (defining "check" as a kind of bill of __ exchange). The promise before us -- one of guaranty -- is plainly not a negotiable instrument; it is neither ___ -5- 5 "unconditional" (for it is conditioned on the debtor's default), nor is it for a "sum certain" (for it promises to pay only to the extent the debtor defaults). What, then, is the proper prescription period for __ a promise of guaranty under Puerto Rico law? The Fifth Circuit, applying Louisiana's civil law system, tells us that "the limitations period that applies in a suit against a surety is normally the same as that which applies to suits against the principal debtor for payment of the underlying debt." Browning Seed, Inc. v. Bayles, 812 F.2d 999, 1002 ___________________ ______ (5th Cir. 1987) (citation omitted). This Circuit has held the same in respect to Puerto Rico's law. See FDIC v. ___ ____ Consolidated Mortgage & Fin. Corp., 805 F.2d 14, 20 (1st ____________________________________ Cir. 1986) (prescription period for guarantee of promissory note given by prescription period for underlying promissory note); see also FDIC v. Barrera, 595 F. Supp. 894, 898 ___ ____ ____ _______ (D.P.R. 1984) (Torruella, C.J.) (same). Barrera, on which _______ Consolidated Mortgage relied, noted that Puerto Rico's Civil _____________________ Code says that the "obligation[s]" of a surety (or a guarantor) "expire" at the same time as those of the debtor. 31 L.P.R.A. 4951 (Article 1746 of the Civil Code); see ___ also 10 (App. I) L.P.R.A. 1824 (Article 352 of the ____ Commerce Code) ("obligations" of a surety "continue in force -6- 6 until . . . the complete termination of the principal contract which is secured"). And, from that fact, the court reasoned that the same prescription period normally applies as well. Consistent with this rule, defendant, in a post- argument brief, now seems to acknowledge that its appeal succeeds or fails depending upon whether or not an action on the underlying debts guaranteed, those of the retailers, are themselves time-barred. That being so, its appeal must fail. That is because the Supreme Court of Puerto Rico has held, at least twice, that the prescription period that applies to a reseller's promise to pay a supplier is the Civil Code's fifteen-year "catch all" provision -- a ____________ provision that applies to "personal" actions for which other codes specify "no special term of prescription." 31 L.P.R.A. 5294 (Article 1864); see Ramallo Bros. Printing, ___ _______________________ Inc. v. Guillermo Ramis, 93 J.T.S. 84 (1993) (applying ____ ________________ fifteen-year "catch all" provision to advertising company that bought, for resale to its clients, business cards and the like from a printer); Davila v. Torres, 58 P.R.R. 880 ______ ______ (1941) (same for retail grocer that bought produce from wholesale grocer); see also Fernando Sanchez Calero, ___ ____ Institutions of Business Law 448 (13th ed. 1988) ("The _______________________________ -7- 7 prescriptive term of the seller's right to pay[ment] . . . in the sale for resale is . . . fifteen years . . . .") (citation omitted) (translation supplied in Supplemental Appendix); Luis Diez Picazo, Prescription in the Civil Code ______________________________ 214(1964)(same)(translation suppliedinSupplementalAppendix). In reaching this conclusion, the Supreme Court of Puerto Rico has rejected one other prescription provision that we have not yet mentioned, namely a provision in the Civil Code that sets a three-year prescriptive term for the payment . . . to traders for the value of goods sold to others who are not traders, or who, being such, are engaged in a different trade. 31 L.P.R.A. 5297 (Article 1867). This provision does not apply here because supplier and retailer are both "traders" and both are engaged in the same, not in a "different," trade. See Davila, 58 P.R.R. at 884 ("The trade [i]n a ___ ______ specific [commodity] is the same whether at wholesale or retail . . . ."). It may seem somewhat anomalous, as the Puerto Rico Supreme Court itself has noted, that the limitations period applicable to merchants in the same business is so much longer than that applicable to those in different businesses or to non-traders. See Ramallo Bros., 93 J.T.S. at 86 ("We ___ ______________ are dealing with a situation which strays from the guiding -8- 8 observation that, as a general rule, the mercantile prescriptive terms are much shorter than in the civil in keeping with the peculiar demands of the commercial traffic.") (citations omitted). It may be, as one commentator suggests, that same-business traders tend to pay their bills to each other less promptly than do others. See ___ Picazo, supra, at 215. But, anomalous or not, we follow the _____ Supreme Court of Puerto Rico, which follows the language of the Code. For these reasons, this action is not time-barred. There being no other significant legal issue before us, the judgment of the district court, requiring payment of the guaranteed amounts, is Affirmed. ________ -9- 9