**CARIBBEAN MUSHROOM CO., INC., Plaintiff,**

v.

**GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO, Puerto Rico Development Fund, Defendants.**

Civ. No. 93–1015 (JP).

United States District Court, D. Puerto Rico.

Sept. 20, 1995.

Order Denying Motion to Amend Dec. 8, 1995.

---

Peter J. Satz, San Juan, PR, for Plaintiff.

María de los Angeles Trigo, San Juan, PR, Jorge E. Pérez, Hato Rey, PR, for Defendant.

### OPINION AND ORDER

PIERAS, District Judge.

The Court has before it codefendant Puerto Rico Development Fund's Motion for Summary Judgment, plaintiff's opposition, and their respective supplements (docket Nos. 22, 31, 41, and 61).

On November 4, 1977, Puerto Rico Development Fund ("PRDF"), sent plaintiff, Caribbean Mushroom Co., Inc., ("Caribbean"), a commitment letter through which it agreed to extend a loan of $100,000.00 to Caribbean, subject to specific terms and conditions. On January 10, 1978, PRDF informed Caribbean that the specific terms and conditions had not been met, therefore, PRDF would not loan Caribbean the $100,000.00.

Plaintiff brought this diversity action on January 7, 1993, alleging that PRDF's refusal to loan Caribbean the funds in 1978 consti-

tutes a breach of contract. Hence, plaintiff is suing defendant for damages in the amount of $4,500,000.00 for alleged damages resulting from the alleged breach of the contract to loan the funds.

## I. UNCONTESTED FACTS

A careful examination of the record reveals the following uncontested facts. *See* Initial Scheduling Conference Order (docket No. 32) and Order Amending the Initial Scheduling Conference Order (docket No. 49):

1. Caribbean Mushroom was incorporated under the laws of the State of Delaware in October 1975.

2. On November 4, 1977, Philip D. Hopgood, Vice–President of PRDF, sent a Commitment Letter to John W. Dougherty, President of Caribbean Mushroom. *See* Exhibit to docket No. 31. The Commitment Letter specified that PRDF would loan Caribbean $100,000.00 and that the loaned funds would be used for the following purposes: (1) $70,-000.00 for equipment, machinery, and installations; (2) $40,000.00 for the payment of current and due liabilities; (3) $90,000.00 for working capital. The Commitment Letter states that the loan is subject to certain terms and conditions, including the participation of the Banco Popular of Puerto Rico.

3. On December 1, 1977, Caribbean accepted PRDF's Commitment Letter, as well as the terms and conditions upon which the commitment was conditioned, through a letter signed by Mr. John W. Dougherty. Caribbean also paid Mr. Oscar Junquera, acting on behalf of PRDF, the first sum of money as required by the Commitment Letter.

4. PRDF sent a letter to plaintiff on January 10, 1978, informing them of the decision not to perform the agreement set forth in the Commitment Letter.

5. On January 7, 1993, plaintiff filed the complaint in the case at bar.

## II. THE SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment in a case where "the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Pagano v. Frank,* 983 F.2d 343, 347 (1st Cir.1993); *Brennan v. Hendrigan,* 888 F.2d 189, 191 (1st Cir.1989); *Lipsett v. University of Puerto Rico,* 864 F.2d 881, 894 (1st Cir.1988).

Summary judgment is appropriate where, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, there is not the slightest doubt as to whether a genuine issue of material fact exists. *Kennedy v. Josephthal & Co.,* 814 F.2d 798, 804 (1st Cir.1987); *Peckham v. Ronrico Corp.,* 171 F.2d 653 (1st Cir.1948). A "genuine" issue is one that is dispositive, and which consequently must be decided at trial. *Mack v. Great Atlantic and Pacific Tea Co.,* 871 F.2d 179, 181 (1st Cir.1989); *Anderson v. Liberty Lobby,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). A material fact, which is defined by the substantive law, is one which affects the outcome of the suit and which must be resolved before attending to related legal issues. *Mack,* 871 F.2d at 181.

The party filing a motion for summary judgment bears the initial burden of proof to show "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). Thereafter, the burden shifts to the non-movant to provide the Court, through the filing of supporting affidavits or otherwise, with "some indication that he can produce the quantum of evidence [necessary] to enable him to reach the jury with his claim." *Hahn v. Sargent,* 523 F.2d 461, 468 (1st Cir.1975); *see also Brennan,* 888 F.2d at 191. The non-movant cannot rest upon mere allegations or denial of the pleadings. Fed. R.Civ.P. 56(e). Indeed, the non-movant must affirmatively show that "sufficient evidence supporting the claimed factual dispute [exists] to require a jury or judge to resolve the parties' differing versions of truth at trial." *First National Bank v. Cities Service Co.,*

391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968). On issues where the non-movant bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion. *See Anderson,* 477 U.S. at 256–57, 106 S.Ct. at 2514–15. "Even when elusive concepts like motive or intent are in play, summary judgment may be appropriate if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Pagano,* 983 F.2d at 347 (quoting *Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990)).

## III. DISCUSSION

Plaintiff filed the complaint in the case at bar on January 7, 1993, more than fourteen and a half years after January 10, 1978, the date of PRDF's alleged breach of the financing agreement. Therefore, a threshold question in the case at bar is which statute of limitations applies, and whether plaintiff's complaint is barred by the applicable statute of limitations.

The parties dispute which is the applicable statute of limitations in the case at bar. Plaintiff argues that this is an action for a breach of contract, and that the Puerto Rico Civil Code, providing a fifteen year statute of limitations, applies. P.R. Laws Ann. tit. 31 § 5294; *Rosario Quiñones v. Municipality of Ponce,* 92 P.R.R. 571, 578 (1965); *Saavedra v. Central Coloso, Inc.,* 85 P.R.R. 404 (1962); *Camacho v. Catholic Church,* 72 P.R.R. 332, 340 (1951); *Segarra v. Vivaldi,* 55 P.R.R. 153 (1939). Defendant, on the other hand, contends that this is an action for the performance of the terms of the financing agreement, and therefore, the three year statute of limitations of the Puerto Rico Commerce Code governs. P.R. Laws Ann. tit. 10, § 1908.

The general fifteen year statute of limitations period of the Puerto Rico Civil Code applies to causes of action "which are personal and for which no special term of proscription has been fixed", P.R. Laws Ann. tit. 31, § 5294. Therefore, this statute of limitations applies only if no other term of proscription, including the terms provided by

the Commerce Code, are applicable to this case. *See Rivera Surillo & Co., Inc., v. Falconer Glass Industries, Inc.,* 37 F.3d 25, 27 (1st Cir.1994). However, there is another, more specific term of proscription which applies to the facts in the case at bar.

The Puerto Rico Code of Commerce provides a three year statute of limitations for all actions arising out of various commercial instruments, including drafts, commercial bills of exchange and promissory notes. 10 L.P.R.A. § 1908. *See Rosaly v. Alvarado,* 17 P.R.R. 100 (1911). An instrument is covered under the Commercial Code if the following two factors are met: one of the parties is a merchant, and the loan has commercial purpose. *Federal Deposit Ins. Corp. v. Cardona,* 723 F.2d 132, 134 (1st Cir.1983); *Mediterranean Inv. Corp. v. Rodríguez,* 575 F.Supp. 268 (D.P.R.1983). An essential element of the second requirement is that there has to be a connection between the loan and its commercial applicability. *Pescadería Rosas, Inc., v. Osvaldo Lozada Rivera,* 116 D.P.R. 474, 479, 16 Official Translations of the Supreme Court of Puerto Rico 579, 586–7 (1985).

In the case at bar, it is undisputed that plaintiff is a corporation, incorporated in the State of Delaware, whose business is to produce and process mushrooms. Hence, plaintiff is a merchant for purposes of the Puerto Rico Commerce Code. 10 L.P.R.A. § 1001. Second, Caribbean was to use the proceeds of the loan from PRDF to purchase equipment and machinery for its ongoing business of mushroom production, to pay current and due liabilities, and to use as working capital. Thus the purpose of the loan was to further commercial transactions. Therefore, the terms of the Commerce Code apply to all actions arising out of this financing agreement. *See Vilá & Hnos., Inc. v. Owens Illinois de Puerto Rico,* 117 D.P.R. 825, 17 Official Translations of the Supreme Court of Puerto Rico 987 (1986) (a financing agreement between two merchants pursuant to which the loaned funds would be used for commercial purposes was a commercial obligation governed by the provisions of the Commerce Code).

Plaintiff asserts, nevertheless, that the current cause of action is for breach of contract, not the enforcement of the terms of a commercial loan. First, plaintiff argues, an action for enforcement of the loan presupposes that the contract to advance funds continues in existence, whereas an action for a breach of contract recognizes that the contract underlying the loan has ceased to exist. Second, plaintiff contends, the type of remedy sought, compensation for the harm caused by the breach of the contract to loan, is not the same remedy that would be sought in an action for the enforcement of the terms of the financing agreement. Therefore, plaintiff contends, this is an action for a breach of contract and the general fifteen year statute of limitations should apply.

The First Circuit has held, however, "that litigants cannot circumvent a specific provision of the Puerto Rico Code by characterizing their claims generally as a 'breach of contract' in order to obtain the benefit of a longer statute of limitations period." *Rivera Surillo,* 37 F.3d at 28 (citing *Kali Seafood, Inc. v. Howe Corp.,* 887 F.2d 7, 9 (1st Cir. 1989); *Betancourt v. W.D. Schock Corp.,* 907 F.2d 1251 (1st Cir.1990)). Plaintiff is unable to characterize its complaint as an action for a breach of contract, solely to circumvent the three year statute of limitations period provided by the Puerto Rico Commerce Code. The contract which plaintiff alleges was breached was a contract to loan money for a commercial purpose to a merchant. Therefore, this is an action which arises out of a commercial instrument.

Moreover, the Puerto Rico Commerce Code applies to causes of action for the breach of a contract which is ancillary ("accesorio") to a commercial agreement. *Buena Vista Dairy, Inc. v. Aponte,* 108 D.P.R. 657, 660, 8 Official Translations of the Supreme Court of Puerto Rico 698, 700 (1979). In the case at bar, the terms and conditions of the contract merely elaborate on the manner in which the funds were to be disbursed and repaid. Therefore, the contract between the parties is secondary to financing agreement, and the three year statute of limitations applies.

 

## IV. CONCLUSION

For the foregoing reasons, the current cause of action is governed by the provisions of the Puerto Rico Commerce Code, including the three year statute of limitations. Since plaintiff filed the complaint after the expiration of the three year applicable period of proscription, plaintiff is thus precluded from bringing this action to enforce the terms of the financing agreement. Therefore, defendant's Motion for Summary Judgment is hereby **GRANTED.**

IT IS SO ORDERED.

### ORDER ON MOTION TO AMEND

The Court has before it plaintiff's motion for alteration or amendment of the Judgment of the Court pursuant to Fed.R.Civ.P. 59(e), and codefendant Puerto Rico Development Fund's opposition (docket Nos. 75 and 76).

On November 4, 1977, Puerto Rico Development Fund ("PRDF") sent plaintiff Caribbean Mushroom Co., Inc., ("Caribbean"), a commitment letter through which it agreed to extend a loan of $100,000.00 to Caribbean, subject to the participation of $100,000.00 by Banco Popular de Puerto Rico, and other pertinent terms and conditions. On January 10, 1978, PRDF informed Caribbean that the specific terms and conditions had not been met, therefore, PRDF would not loan Caribbean the $100,000.00. Plaintiff brought this diversity action on January 7, 1993, alleging that PRDF's refusal to loan Caribbean the funds in 1978 constitutes a breach of contract.

On September 20, 1995, the Court granted PRDF's Motion for Summary Judgment, finding that the three year statute of limitations for actions arising out of commercial instruments applied to the facts in the case at bar. The complaint was filed more than three years after the cause of action occurred, and thus was time-barred. Consequently, the Court dismissed the complaint. *See* Opinion and Order, docket No. 72.

■ In its motion to amend judgment, plaintiff reiterates its arguments presented in its opposition to codefendant's motion for summary judgment. Plaintiff contends that the more general fifteen year statute of limi-

tations should apply to this cause of action. Plaintiff does not contend that is has newly discovered evidence which would necessitate the amendment of the judgment. It merely asserts that this Court has reached an erroneous conclusion. This is an insufficient ground for amendment of the judgment. Therefore, plaintiff's motion is hereby **DENIED.**

IT IS SO ORDERED.