**CARIBBEAN MUSHROOM CO., INC., Plaintiff, Appellee,**

v.

**The GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO and Puerto Rico Development Fund, Defendants, Appellants.**

No. 96–1279.

United States Court of Appeals, First Circuit.

Heard Nov. 8, 1996.

Decided Dec. 23, 1996.

John W. Dougherty, Clifton Heights, PA, with whom Peter J. Satz, Rio Piedras, PR, was on brief, for defendants–appellants.

Heidi L. Rodriguez, San Juan, PR, with whom Jorge I. Peirats, Hato Rey, PR, and Maria de Los Angeles Trigo, San Juan, PR, was on brief, for plaintiff–appellee.

Before COFFIN and CAMPBELL, Senior Circuit Judges, and DiCLERICO,* District Judge.

COFFIN, Senior Circuit Judge.

Plaintiff-appellee Caribbean Mushroom Company, Inc. seeks damages for the breach of an agreement to provide it with a $100,000 loan. The issue before us is whether the company waited too long to bring its action. The agreement allegedly was breached in January 1978. The lawsuit was filed nearly fifteen years later, in January 1993. The district court concluded that the action was subject to a three-year statute of limitations, and therefore granted summary judgment for the defendants. Our review of the relevant statutes and caselaw persuades us that a fifteen-year limitations period applies, and, consequently, that the complaint was timely filed. We therefore reverse.

## I. *Background*

The facts underlying this appeal are few, and undisputed. In November 1977, defendant Puerto Rico Development Fund ("PRDF") sent plaintiff Caribbean Mushroom Co., Inc. ("Caribbean") a commitment letter in which it agreed to loan Caribbean $100,000, subject to specific terms and conditions.[1] On or about January 10, 1978, PRDF informed Caribbean that it would not loan the money. Caribbean brought this diversity action on January 7, 1993, alleging that PRDF's refusal to make the loan constituted a breach of contract. It claimed $4.5 million in damages.

PRDF filed a motion for summary judgment alleging, *inter alia*, that Caribbean's claim was time barred. It contended that the applicable statute of limitations was the three-year period provided in Article 946 of the Puerto Rico Commerce Code, P.R. Laws Ann. tit. 10, App. I, § 1908. Caribbean argued in response that the action was governed by Article 1864 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, § 5294, which sets a fifteen-year limitations period for actions for which there is no specific term set. Because Caribbean's lawsuit was filed just short of fifteen years after the alleged breach, it is viable only if the longer period applies.

The district court sided with PRDF. It concluded that the disputed transaction fell under the Commerce Code and its three-year limitations provision for actions arising out of commercial instruments because it involved an agreement to loan money to a merchant for a commercial purpose. The court reject-

---

\* Of the District of New Hampshire, sitting by designation.

1. PRDF is a department of the Government Development Bank for Puerto Rico, the other defendant. For convenience, we refer throughout this opinion only to PRDF as defendant.

ed plaintiff's contention that the fifteen-year provision should apply because the claim involved a breach of contract and not enforcement of the terms of a commercial loan. In doing so, the court invoked First Circuit precedent holding that " 'litigants cannot circumvent a specific provision of the Puerto Rico Code by characterizing their claims generally as a "breach of contract" in order to obtain the benefit of a longer statute of limitations period,' " *Caribbean Mushroom Co. v. Government Dev. Bank for Puerto Rico*, 906 F.Supp. 70, 74 (D.P.R.1995) (quoting *Jorge Rivera Surillo & Co. v. Falconer Glass Indus.*, 37 F.3d 25, 28 (1st Cir.1994)). The court's determination on the limitations question led it to grant summary judgment for defendants.

On appeal, Caribbean argues that the district court misconstrued the scope of Article 946, which contains the three-year deadline, and erroneously invoked the *Rivera Surillo* line of cases barring litigants from broadly classifying their claims as contractual breaches to avoid more particular, and shorter, limitations provisions. Caribbean contends that it has not artificially re-characterized its lawsuit to fall under Article 1864, but that the fifteen-year period applies because no other limitations provision fits.

Although the district court's resort to the three-year limitations period attracts us as a practical matter, we have concluded that it is not supportable as a matter of law. We explain our reasoning in the following section.

## II. *Discussion*

The statute of limitations for actions arising under Puerto Rico's Commerce Code may be set either specifically by a provision of that Code or, under Article 940 of the Commerce Code, P.R. Laws. tit. 10, App. I, § 1902, by an appropriate provision of the Civil Code.[2] *Ramallo Bros. Printing v. Ramis*, 93 JTS 84, P.R. Offic. Trans. slip op. at 2 (May 25, 1993) ("[T]he Commerce Code does not have systematic and complete regulations; it only visualizes certain cases of prescription, and those lacking a particular term are remitted to the rules of civil law."); *Mortensen & Lange v. San Juan Mercantile Corp.*, 19 P.R. Offic. Trans. 372, 378 (1987); *Portilla v. Banco Popular*, 75 P.R.R. 94, 120 (1953).[3] Defendants assert, and the district court agreed, that Article 946 of the Commerce Code specifically governs this action. That provision reads in its entirety as follows:

> Actions arising from drafts shall extinguish three years after maturity, whether such drafts have been protested or not.
>
> A similar rule shall be applied to commercial bills of exchange and promissory notes, checks, stubs and other instruments of draft or exchange and to coupons and amounts for the redemption of obligations issued in accordance with this Code.

P.R. Laws Ann. tit. 10, App. I, § 1908. Plaintiffs maintain that the applicable term is the Civil Code's fifteen-year "catch-all" provision, which governs when "no special term of prescription is fixed," P.R. Laws Ann. tit. 31, § 5294 ("Article 1864").

It is undisputed that Article 946 (setting a three-year term) does not on its face govern here because no promissory note or other commercial instrument was issued by defendants to Caribbean. The district court's view, urged on appeal by defendants, is that the three-year limitation nonetheless applies because the agreement at issue essentially was equivalent to those transactions explicitly covered by the provision. Indeed, Caribbean observed in its response to defendants' motion for summary judgment that caselaw has extended Article 946's reach "past ac-

2. Article 940 states: "The actions which by virtue of this Code do not have a fixed period in which they must be brought, shall be governed by the provisions of the common law."

3. The parties do not dispute that the contract at issue here is governed by the Commerce Code. Consequently, the defendant's and district court's reliance on *Buena Vista Dairy, Inc. v. Aponte*, 108 P.R. Dec. 657, 660, 8 P.R. Offic. Trans. 698, 700

(1979), is misplaced. In that case, the court held that the Commerce Code applied to causes of action "ancillary" to a commercial agreement even if such claims might not have met the requirements of the Code on their own. Because applicability of the Commerce Code is uncontested here, it is unnecessary to invoke the "ancillary" claim doctrine.

tions on instruments per se to suits on loans *not* reflected in instruments but which nevertheless have a 'commercial' basis."

On appeal, Caribbean drops this broad depiction of Article 946's scope, and now argues that the three-year provision is confined to actions based on commercial instruments.[4] Contrary to defendants' assertions, this is not a new argument that should be cast aside because it was not offered below. Rather, it is a narrowing of Caribbean's earlier position. While Caribbean no longer acknowledges that Article 946 can extend beyond its literal terms, it consistently has argued that this case is outside the statute's range. Its position below was that, even if Article 946 can be construed flexibly to cover suits on loans, it does not govern this case because the transaction sued upon was not a loan agreement, but *a contract in which defendant promised to make a loan.*[5] Because no provision of the Commerce Code sets a limitation period for commercial contract actions, Caribbean maintained—and continues to maintain—that the Civil Code's fifteen-year provision applies.

The threshold question, then, is whether Article 946 governs the dispute underlying this case. Despite Caribbean's representation to the district court that Article 946 has been construed flexibly, we have found no case applying the three-year limitations period to an action arising from a commercial agreement that does not involve an instrument such as a promissory note.[6] The primary cases cited by defendants focus on the

preliminary question of whether the loan sued upon is commercial. In each case, a note had been issued, and a finding that the underlying transaction was commercial therefore would mean that that case would fall within Article 946's literal language. *See, e.g., FDIC v. Consolidated Mortgage,* 805 F.2d 14, 17–18 (1st Cir.1986) (holding that loan agreement and notes were commercial, and thus subject to three-year period); *FDIC v. Cardona,* 723 F.2d 132, 133–36 (1st Cir.1983) (alternative holding: non-commercial promissory notes at issue, and so fifteen-year period applies); *FDIC v. Francisco Inv. Corp.,* 638 F.Supp. 1216, 1217–18 (D.P.R. 1986) (promissory notes not commercial; fifteen-year period applies); *Mediterranean Inv. Corp. v. Rodriguez,* 575 F.Supp. 268, 268–69 (D.P.R.1983) (same).

Additionally, this Circuit recently gave a limited reading to Article 946 in rejecting its applicability in a commercial case involving a guaranty. We observed that the provision applies to negotiable instruments, and "[t]he promise before us ... is plainly *not* a negotiable instrument," *Georgia Pacific Corp. v. Pablo Eguia & Sons, Inc.,* 15 F.3d 8, 10 (1st Cir.1994) (emphasis in original). Indeed, we quoted in *Georgia Pacific* the following passage from a treatise describing the corresponding provision in the Spanish Code of Commerce:

"But a distinction must be made as regards the aim of prescription. The three-year prescription bars actions arising from negotiable instruments, but not actions

---

**4.** In its brief on appeal, Caribbean states that "[u]ntil now, the statute has never once been held to bar an action not involving an instrument—every court to which the question has ever been presented has held that it did *not* so apply." Brief at 6 (emphasis in original).

**5.** In its opposition to PRDF's motion for summary judgment, plaintiff argued:

The statutory provision is clearly inapplicable here, not because this action is on a loan which is "noncommercial" but because it is not on a loan at all.

This action is not on an instrument *or* on a loan, commercial or otherwise. It rather seeks damages for the breach of a contract, a suit of a far different sort. The distinction between an action to recover money due under an agreement and one to recover damages sus-

tained by breach of that agreement is almost too obvious and well recognized to require comment. . . .

If PRDF had gone through with its loan commitment, a later action by it against CMC based on such loan might very well ... have been within the purview of Article 946 as a suit on a "commercial" obligation. From the other end, on the same reasoning, even a suit by CMC to enforce the loan agreement—to compel the making of the loan—might perhaps have been covered by the statute. No such suit is here present, however. This is not an action on the contract that existed between the parties but a suit for damages for its breach. Opposition at 12.

**6.** Caribbean's statement, contained in a footnote of its summary judgment response, was not supported by citations.

arising from the fundamental juridical relations which the contracting parties have sought to identify with the actions on negotiable instruments. If a loan is guaranteed by a negotiable instrument, the actions derived from the relations arising from the latter shall prescribe, but the right of action arising from the mutual contract shall remain intact and shall survive for its entire term."

*Id.* (citing 5 R. Gay de Montella, *Codigo de Comercio Espanol Comentado* 503–504 (1936) (translated, and quoted, in *Portilla*, 75 P.R.R. at 119)).[7] We understand this passage to reject the notion that all claims arising from a transaction involving a negotiable instrument are to be treated identically for limitations purposes based solely on their common factual underpinning. *See also* E.S. Belaval Martinez, "The Puerto Rico Commercial Code under the Federal Courts: A Juridical Disaster," 55 Rev. Jur. U.P.R. (Issue # 2) 313, 314 (1986) ("Juridical Disaster") ("Both the loan and the note are distinct and separable contracts and as such they give rise to two distinct and separable actions") (footnote omitted).

The absence of identified caselaw extending the provision to these or similar circumstances, together with our own cautious reading of Article 946 in *Georgia Pacific* (including invocation of the treatise passage quoted above), lead us to conclude that there is no legal support for applying the provision here. Even if Caribbean correctly informed the district court that precedent exists to support use of Article 946 for loan agreements not reflected in a note, this case would be another step away from that stretching of the provision's specific language. The contract here represented an earlier step in the financing process than a contract that actually sets in motion a financing relationship; it was an agreement to enter into a loan arrangement *at a later time* that might, or might not, be reflected in a note. In other words, defendant allegedly breached a promise to make a loan, not to perform the terms of a loan agreement.

Notwithstanding this distinction, the district court's decision to use Article 946's three-year term is appealing for several reasons. First, there is logic in applying the same term to all transactions related to a commercial loan, no matter what stage of the process is involved, and regardless of whether the financing agreement is represented by a promissory note or other commercial "instrument." Such technicalities arguably should make no difference when closely related claims are at issue. We further appreciate the rationale for applying shorter prescriptive terms in the commercial arena, where the orderly operation of businesses would seem to call for prompt and efficient resolution of disputes. The Puerto Rico Supreme Court, moreover, has "alluded to the modern tendency of shortening the terms" for prescription, *see Culebra Enterprises Corp. v. Commonwealth*, 91 J.T.S. 18, P.R. Offic. Trans., slip op. at 9 (Feb. 8, 1991).

Defendant, in fact, argues that Article 946 should be adopted by analogy in this setting if we deem it inapplicable in its own right. It cites the Puerto Rico Supreme Court's decision in *Culebra Enterprises*, 91 J.T.S. 18, P.R. Offic. Trans., slip op. at 4, where the court endorsed resort to "an analogy to fix the prescriptive term of a certain action for which the legal system does not provide a prescriptive term, but which is very similar to another for which a prescriptive term has been provided." PRDF's plausible view is that the contract at issue here is sufficiently analogous to a promissory note that the same limitations period should be applied. Accepting Article 946 by analogy would not contradict caselaw limiting its direct reach to the realm of commercial instruments; it instead would represent a policy choice in a context in which the law has left a gap.

---

7. We note that one commentator who addressed a related issue assumed that an action on a loan *contract*, as distinguished from a note, would be subject to the three-year period unless the plaintiff were able to prove that the contract was not a commercial loan. Again, however, no caselaw is cited for the implicit proposition that suits based on commercial loans are subject to Article 946 whether or not an "instrument" is involved. *See* E.S. Belaval Martinez, "The Puerto Rico Commercial Code under the Federal Courts: A Juridical Disaster," 55 Rev. Jur. U.P.R. (Issue # 2) 313, 319, 322 (1986).

We do not believe that we are free to make that choice. The court in *Culebra Enterprises* seemed to view the controversy before it, which involved land classification and implicated constitutional property principles, as one of first impression. Multiple factors, including the need to stabilize the use of the Commonwealth's limited land resources and the desirability of speedily resolving disputes between the State and its citizens, influenced its adoption of an "extraordinary" one-year limitations period rather than any longer term, including the "ordinary" one of fifteen years.

■ Here, by contrast, the prescriptive question is not open-ended, and we therefore need not—and, it seems to us, we may not—cast about for a suitable analogy. As we read the cases, it is well established that contract claims that are covered by the Commerce Code but are not designated for special prescriptive treatment automatically fall under the Civil Code's fifteen-year catch-all provision.[8] *See, e.g., Rivera Surillo,* 37 F.3d at 27 (fifteen-year breach of contract limitations provision applies to this business dispute if no other specific period applies); *K–Mart Corp. v. Oriental Plaza, Inc.,* 875 F.2d 907, 911 n. 2 (1st Cir.1989) (in case involving breach of business lease, court noted that "limitation period for contract claims under Puerto Rico law is fifteen years"); *Kali Seafood, Inc. v. Howe Corp.,* 887 F.2d 7, 9 (1st Cir.1989) (in case involving commercial transaction, court noted that Civil Code's fifteen-year term applies to "contracts and other personal claims 'for which no special term of prescription is fixed'"); *Lexington Ins. Co. v. Abarca Warehouses Corp.,* 476 F.2d 44, 47 (1st Cir.1973) (assuming that, if claim were contractual, fifteen-year statute of limitations would apply); *Mortensen & Lange,* 19 P.R. Offic. Trans. at 378 (noting that fifteen-year term would apply if transaction at issue were an agency contract between two business entities, but concluding that it was a "charterparty" and thus subject to a six-month term); *id.* at 391 (Negron Garcia, J. and Hernandez Denton, J., dissenting) (conclud-ing that the transaction was not a charter-party, and that fifteen-year term consequently applied); *Maryland Casualty Co. v. Banco Popular de Puerto Rico,* 92 P.R.R. 320, 324 (1965) (action based on fraudulently endorsed checks did not arise from commercial instrument but is "an action for collection of money based on a loan contract" and so is governed by fifteen-year period); *Lugo v. E.M. Amy & Sons, Inc.,* 87 P.R.R. 527, 533 (1963) ("actions for damages [in a mercantile setting] arising from a previous contractual relation do not have a fixed term of prescription, for which reason the general prescription of fifteen years fixed by section 1864 of the Civil Code is applicable thereto"). If, in the face of this precedent, the Puerto Rico legislature has refrained from modifying the limitations scheme for commercial contract cases, we may not second-guess its judgment.

We hasten to add that, notwithstanding our earlier endorsement of the three-year period as fitting for this context, we consider use of the fifteen-year term as neither arbitrary nor irrational. At least for now, that is still the "ordinary" period of prescription for Commonwealth cases, and Caribbean's complaint is intrinsically a run-of-the-mill contract claim.

Moreover, although the commercial nature of the proposed transaction would seem to justify a much shorter term, the fact that the suit does not concern a negotiable instrument has counterbalancing weight in rendering Article 946 inapt. Negotiable instruments by virtue of their negotiability require particularly quick untangling, and the short limitations term also may be viewed as a *quid pro quo* for the fact that the issuer of a note has fewer defenses than the typical contract-claim defendant. *See* "Juridical Disaster," at 316–17. Lacking those elements, this case has a lesser claim to urgency. The Puerto Rico Supreme Court has recognized, in fact, that some situations "deviate[ ] from the doctrinal observation that, as a general rule, prescriptive terms in commercial law are shorter than in civil law given the peculiar

---

8. Defendant does not suggest any possibly applicable limitations provision other than Article 946. Our determination that that statute does not apply therefore negates the district court's ruling that Caribbean improperly sought to evade an applicable limitations provision by characterizing its alleged cause of action as breach of contract.

demands of commercial trade." *See Ramallo Bros.*, P.R. Offic. Trans., slip op. at 7. *See also Georgia Pacific,* 15 F.3d at 11.

In short, Article 946's three-year term is inapplicable here because the conflict does not involve a negotiable instrument, or even a loan contract. The provision is equally unavailable by analogy, since well established precedent directs contract claims governed by the Commerce Code that lack specific prescriptive provisions to the Civil Code's fifteen-year catch-all term. We therefore conclude that the district court erred in granting summary judgment for defendant based on the timing of plaintiff's action.

Accordingly, we reverse its judgment and remand the case for further proceedings.

*Reversed.*