# United States Court of Appeals
## For the First Circuit

No. 08-1287

ISLAND VIEW RESIDENTIAL TREATMENT CENTER; S.S.E.; S.A.E.,

Plaintiffs, Appellants,

v.

BLUE CROSS BLUE SHIELD OF MASSACHUSETTS, INC,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

Before

Lynch, Chief Judge,

Boudin and Lipez, Circuit Judges.

Brian S. King with whom Jonathan M. Feigenbaum and Phillips & Angley were on brief for appellants.
Joseph Halpern, Blue Cross and Blue Shield of Massachusetts, Inc., for appellee.

November 14, 2008

**BOUDIN**, <u>Circuit Judge</u>.  This is an appeal by Island View Residential Treatment Center ("Island View"), S.S.E. ("Stacy") and S.A.F. ("Sarah") seeking to recover from Blue Cross Blue Shield of Massachusetts ("Blue Cross") the cost of in-patient care furnished by Island View to Sarah, then a teenage patient.  The background events are not in real dispute and, as the case turns in the end on a limitations issue, a detailed description of the medical issues is unnecessary.

Sarah began receiving treatment in 1995 at various medical facilities for anxiety, mood instability, and behavioral problems.  In 2003, while receiving outpatient therapy, problems she was experiencing at the time (<u>e.g.</u>, substance abuse, self-mutilation) culminated in a run-away episode.  At the time Sarah was fifteen years of age and living with her family; she was covered by a Blue Cross health policy as part of an employment benefit package provided by her mother's employer.

The day after Sarah's run-away episode, her family (on her therapist's recommendation) took her to Island View, where she received a multi-part diagnosis and was admitted for treatment.  Sarah was initially diagnosed with mood disorder, oppositional defiant disorder, drug and alcohol abuse, and parent-child relationship issues.  Island View deemed in-patient treatment necessary because of Sarah's history of running away, serious drug and alcohol abuse, and Sarah's refusal to take medications.

Sarah spent about 14 months at Island View. At first, Sarah admitted to some depression, feelings of guilt, anxiety and low self esteem--but there was no indication of suicidal "ideation"--that is, a dwelling upon or consideration of suicide. In August 2003, suicide became a concern for several months. Sarah was discharged in June 2004, although a few months later she entered a different treatment center where she remained for almost a year.

When benefits were first sought in spring 2003 for the Island View treatment, Blue Cross determined that Sarah's medical needs could be met by less intensive care and rejected reimbursement requests for the spring period. Blue Cross later authorized payment for treatment received between August 13, 2003, and October 22, 2003 at Island View, after Sarah's condition worsened and she exhibited suicidal tendencies, but Blue Cross refused to pay for earlier or later portions of Sarah's stay.

Following Blue Cross' denial, three external reviews were conducted. Two of the independent reviews were conducted by outside medical professionals selected by an independent review agency. The third review was conducted by the Office of Patient Protection of the Commonwealth of Massachusetts, which independently upheld the denial. Mass. Gen. Laws ch. 176O, § 14(a) (2008) (reviewing "whether the requested treatment or service is medically necessary . . . and a covered benefit under the policy or

contract"). All the reviewers agreed with Blue Cross' denial of benefits.

On April 21, 2006, Sarah, her mother Stacy and Island View as assignee brought suit under ERISA for denial of benefits in federal district court in Utah--where Island View is located.[1] On motion by Blue Cross, that court transferred the case to the federal district court in Massachusetts on the ground that "Massachusetts law applies to any state law questions that may arise in this matter." The Massachusetts district court declined to retransfer and, on cross motions for summary judgment held for Blue Cross.

The district court disposed of the claim based on treatment at Island View primarily on the ground that the suit was disallowed by a contractual provision barring suit after two years, though the court also found that Blue Cross' denial of benefits was not arbitrary or capricious. The suit sought coverage for other treatment given Sarah, before and after the Island View stay, but those claims are not before us on this appeal. Appellants' leading argument on appeal is that the district court erred in not recognizing as controlling a state statute of limitations providing three years for suit.

---

[1]ERISA is the acronym for Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B)(2006), the federal statute comprehensively governing employee health and pension plans and providing federal remedies and a federal forum for wrongful denial of benefits.

ERISA provides its own substantive law for ERISA claims, and federal common law normally governs substantive issues not dictated by the statute itself. <u>Firestone Tire & Rubber Co.</u> v. <u>Bruch</u>, 489 U.S. 101, 110 (1989). ERISA supplies no statute of limitations so federal courts borrow the relevant statute of limitations from the forum state. <u>Edes</u> v. <u>Verizon Commc'n, Inc.</u>, 417 F.3d 133, 138 (1st Cir. 2005). Typically, a claim for benefits under an ERISA health plan would be treated by analogy to a contract claim, the benefits contract being the substantive source of the obligation.

Here, Utah provides a three year statute of limitations for contract claims, Utah Code Ann. § 31A-21-313 (2008). Appellants invoke the Colorado statute of limitations, Colorado being Stacy and Sarah's domicile; Colorado also has a three year limit, Colo. Rev. Stat. § 13-80-101(1)(a)(2008). Massachusetts happens to have a six year statute for contract claims. Mass. Gen. Laws ch. 260, § 2 (2008). In any event, the district court did not rely on any of the limitations statutes.

Blue Cross offered as a defense, and the district court sustained, <u>not</u> a statute of limitations but a contractual bar, namely, an explicit requirement in the Blue Cross insurance contract requiring that suit be brought within two years of the denial of benefits. Massachusetts explicitly permits such a provision for health insurance suits so long as the time allowed is

not less than two years after the denial.  <u>Id.</u> ch. 176A, § 8(c).
The district court used as a proxy for denial of coverage the date-
-November 12, 2003--when the Massachusetts agency upheld the denial
of benefits after Blue Cross and two independent reviewers had
already done so.  The law suit, as already noted, was filed only in
April 2006.

The Blue Cross subscriber certificate provided for
necessary health care but for "the least intensive type of medical
care setting required" for the condition; it gave Blue Cross the
power to make determinations as to benefits; and it also provided
for grievance review and (in a section titled "Time Limit for Legal
Action") a time period for bringing suit as follows:

> [I]f you are filing a legal action because you
> were denied a service or a claim for benefits
> under this <u>contract</u>, you will lose your right
> to bring a legal action against <u>Blue Cross and
> Blue Shield</u> unless you file your action within
> two years after the date you were first sent a
> notice of the service or claim denial. . . .
> If the two-year limit described in this
> section is less than that allowed by
> applicable law, this two-year filing limit is
> extended to the minimum time allowed by such
> law.

Since federal law governs ERISA claims, conceivably a
federal court could for good cause refuse to recognize such a
provision, but there is no obvious reason to do so here.  Insurance
benefits are a creature of contract, and there is nothing facially
unreasonable, much less unconscionable, about this contractual
limitation.  What case law exists generally supports reasonable

contractual restrictions on the period for bringing law suits, and appellants do not frontally attack these precedents.[2]

Instead, appellants rely on a provision of the certificate saying that "[i]n addition to the covered services described in this Subscriber Certificate, when you live in a state other than Massachusetts, you may be entitled to receive benefits for other services and supplies as required by that state's law." This, say the appellants, permits them to take advantage of the three year Colorado statute of limitations. But this provision has nothing to do with the timing of law suits; it is addressed to minimum state requirements for substantive benefits.

Appellants' brief glides over this distinction by immediately quoting the final sentence of the certificate's contractual time limit on the right to sue, namely: "If the two-year limit described in this section is less than that allowed by applicable law, this two-year filing limit is extended to the minimum time allowed by such law" as if this were connected to the benefits provision located earlier in the certificate. But the

---

[2]See State Street Bank & Trust Co. v. Denman Tire Corp., 240 F.3d 83, 87 (1st Cir. 2001) (recognizing that under Illinois law, "parties are free to contract for a time period within which a suit may be brought ... which [is] less than the general statute of limitation period applicable to written contracts") (internal citations and quotation marks omitted); Alcorn v. Raytheon Co., 175 F. Supp. 2d 117, 121 (D. Mass. 2001) ("[C]ontracting parties may agree upon a shorter limitations period as long as it is reasonable.") (internal citation and quotation marks omitted); see also Draper v. Wellmark, Inc., 478 F. Supp. 2d 1101, 1110 (N.D. Iowa 2007).

latter provision is not a gloss on, or otherwise related to, the "services and supplies" provision; rather, it is a an oblique cross reference to the law permitting a short contractual time limit.

In referring to "applicable law" that might provide a "minimum time" for suit longer than two years, the certificate can only be speaking of Mass. Gen. Laws ch. 176A, §8(c). What it assuredly does not refer to is a statute of limitations in Utah, Colorado or any other state; statutes of limitations provide maximum time for bringing suits; a reference to a minimum time reads only on a statute, like section 8(c), that fixes a minimum or floor for a shorter period fixed by contract.

We appreciate that the minimum time cross reference is opaque and, although a lawyer ought to be able to construe it, it could be confusing to a subscriber. See 29 U.S.C. § 1022 (requiring that the summary provided of the plan description shall be written "in a manner calculated to be understood by the average plan participant"). But the language does not refer to an ordinary statute of limitations. Nor is it suggested that Stacy or Sarah in fact read the certificate language, were misled, and then relied upon this misreading in deferring their claim for two and a half years.

Appellants--or at least Sarah--have a more interesting argument in urging that Sarah's minority until September 24, 2005, is a basis for tolling the time period in which she could sue until

some period after she turned eighteen. But whatever role such tolling provisions might play in an ERISA suit for which a statute of limitations defense was asserted, Blue Cross has not invoked a statute of limitations defense but rather a contractual time limit in the insurance policy itself.

In an ERISA case, a federal court would perhaps have "gap filling" authority under federal law to provide protection for minors who could be unfairly affected by a contractual limitation, but appellant made no effort to show such a need in this case. The main stakeholders appear to be Island View, which provided the treatment and, presumably, Stacy who as the parent likely took responsibility for the bills when checking her daughter into the facilities. There is no indication that Sarah is being held liable for bills contracted as a minor. Nor is existing precedent especially helpful to appellants.[3]

Indeed, appellants simply refer to the Colorado tolling statute on the assumption that federal courts look to state tolling rules as

---

[3]See Hembree ex rel. Hembree v. Provident Life & Ace Ins. Co., 127 F. Supp. 2d 1265, 1271 (N.D.Ga. 2000) ("[E]quitable tolling provisions, which stem from state law, are not applicable when a contractual limitation is enforced."); Allen v. Unionmutual Stock Life Ins. Co., 989 F. Supp. 961, 966 (S.D. Ohio 1997) ("[T]his Court has followed the contractual limitations period and has not borrowed the state statute of limitations. . . . This court declines to engraft a state tolling provision onto a contractual limitations period."); Chilcote v. Blue Cross & Blue Shield of Wisc., 841 F. Supp. 877, 881 (E.D. Wis. 1993) ("The Court has not borrowed a state statute of limitations in this case, so Wisconsin's tolling provisions will not be borrowed either.").

a matter of choice. But it is not evident that the Colorado tolling statute suspends contractual provisions that impose time limits (as opposed to statutes of limitation), even assuming that the Colorado statute applies to a minor with an active parent. Nor do appellants explain, once the inapplicable certificate language on benefits is set to one side, why Colorado law would apply at all to an ERISA case brought in Utah and transferred to Massachusetts.

There is one loose end. Appellants say that the Utah district court erred in transferring the case to the Massachusetts district court--a step that the former took on the ground that Massachusetts law might be important and would be more familiar to a court here. There are good reasons, save in exceptional circumstances, to let a transfer stand even if it was improvident. See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 818-19 (1988). The circumstances here do not qualify as exceptional but in any event the transfer had no visible effect on outcome.

Appellants argued that in reviewing the merits of a claim disallowance, the law in the Tenth Circuit was more favorable to the claimant while the law in this circuit was more favorable to the plan administrator or other decider. To the extent that there was any disagreement, the Supreme Court has now adopted its own governing view. Metro. Life Ins. Co. v. Glenn, 128 S. Ct. 2343, 2350 (2008) (explaining that when a plan administrator both appraises and pays benefits claims, the resulting conflict of

interest must be weighed in determining "whether there is an abuse of discretion").  But because this case is properly decided on a contractual time bar, whether the circuits might have differed on the merits is beside the point

Affirmed.