# United States Court of Appeals
## For the First Circuit

No. 11-1279

LUIS ARTURO SANTALIZ-RÍOS,

Plaintiff, Appellant,

v.

METROPOLITAN LIFE INSURANCE COMPANY,

Defendant, Appellee,

MONARCH PHARMACEUTICALS, INC.; KING PHARMACEUTICAL, INC.;
KING PHARMACEUTICALS WELFARE BENEFIT PLAN,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Torruella, Selya, and Lipez, Circuit Judges.

Luis A. Vivaldi Oliver, with whom Luis Vivaldi Oliver Law
Offices was on brief, for appellant.
Frank Gotay-Barquet, with whom Gotay & Pérez, P.S.C. was on
brief, for appellee.

August 30, 2012

**LIPEZ**, **Circuit Judge**.  The only issue before us in this appeal is whether appellant's Employee Retirement and Income Security Act ("ERISA") claim for reinstatement of disability benefits is time-barred.  The district court found that appellant's claim was time-barred, and that his various arguments regarding tolling of the limitations period had no merit.  Accordingly, it granted appellee's motion to dismiss.

On appeal, appellant renews his tolling arguments and also raises new arguments concerning the applicable limitations period and the sufficiency of the information that he received from the appellee concerning the terms of its insurance coverage. Finding no error in the district court's decision, and declining to consider arguments raised for the first time on appeal, we affirm the judgment of the district court.

**I.**

Appellant Luis Arturo Santaliz-Ríos was an employee of Monarch Pharmaceuticals, Inc., a subsidiary of King Pharmaceuticals, Inc.  Monarch offers its employees the opportunity to participate in the King Pharmaceuticals Welfare Benefit Plan (the "Plan").  Metropolitan Life Insurance Company ("MetLife") provides insurance coverage for the Plan and serves as claims administrator, adjudicating claims of disability and paying benefits. While employed by Monarch, Santaliz-Ríos participated in the Plan.

On September 17, 2001, appellant left his job with Monarch because of a mental disability.  The Plan's insurance policy with MetLife covers "[m]ental or [n]ervous [d]isorder[s] or [d]isease[s]," and provides that disability benefits for those conditions are limited to twenty-four months, unless the disability results from, inter alia, bipolar disorder.  Under the policy, no long-term disability benefits are paid during a ninety-day "Elimination Period" after the disability first arises.  Thus, appellant became eligible for long-term disability benefits on December 16, 2001.  From that date, MetLife provided him monthly disability benefits until December 16, 2003, when the twenty-four-month eligibility period expired.

At that time, appellant requested reconsideration of the decision to cease paying benefits, arguing that he suffered from bipolar disorder and thus the twenty-four-month cap on benefits should not apply to him.[1]  MetLife denied his request for reconsideration on February 27, 2004.  In the following months,

---

[1] It is unclear when appellant was first diagnosed with bipolar disorder, and no allegation concerning this diagnosis appears on the face of the complaint. However, in connection with his opposition to appellee's motion to dismiss, appellant submitted correspondence concerning his diagnosis to the district court. This correspondence suggests that appellant was not originally diagnosed with bipolar disorder, but that his diagnosis was changed to include bipolar disorder sometime around the expiration of the 24-month eligibility period.  MetLife rejected this new diagnosis on the ground that the change was "based solely on information reported by [appellant], without direct observation or correlative clinical findings."

-3-

appellant repeatedly requested information from MetLife, including documents, records, and other information relevant to his claim, but, according to appellant, MetLife never responded to these requests.

On December 15, 2004, appellant filed a complaint in Puerto Rico state court seeking reinstatement of disability benefits. However, he voluntarily withdrew this complaint on June 15, 2005, because of difficulties obtaining medical records necessary to support the allegations in the complaint.[2] Five years later, on May 28, 2010, he filed the complaint triggering this action in the United States District Court for the District of Puerto Rico. Pursuant to 29 U.S.C. § 1132(a)(1)(B), the appellant's ERISA claim sought to recover the accumulated balance of unpaid disability benefits and to reinstate the monthly payments for the duration of his condition.

The group policy between the Plan and MetLife contains a three-year limitations period on legal claims against MetLife. Before the district court, appellant acknowledged that this period is generally applicable to claims such as his. However, he argued that the limitations period should not apply in this case for two reasons: 1) it should be deemed tolled by the 2004 complaint he filed in Puerto Rico state court, and 2) it would be unfair to

---

[2] The Puerto Rico court dismissed the case without prejudice on June 20, 2005.

-4-

subject his claim to a three-year limitations period because of the difficulty of diagnosing bipolar disorder. The district court rejected both of these arguments and granted the appellee's motion to dismiss. This appeal ensued.

## II.

We review a district court's decision to grant a motion to dismiss de novo. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 7 (1st Cir. 2011).

## A. The Applicable Limitations Period

Congress has not established a limitations period for ERISA claims brought pursuant to 29 U.S.C. § 1132(a)(1)(B). Island View Residential Treatment Ctr. v. Blue Cross Blue Shield of Mass., Inc., 548 F.3d 24, 27 (1st Cir. 2008). Therefore, in adjudicating ERISA claims, federal courts borrow the most closely analogous statute of limitations in the forum state. Id. (citing Edes v. Verizon Commc'n, Inc., 417 F.3d 133, 138 (1st Cir. 2005)). In Puerto Rico, the default limitations period applicable to contract claims is fifteen years. P.R. Laws Ann. tit. 31, § 5294; Caribbean Mushroom Co. v. Gov't Dev. Bank for P.R., 102 F.3d 1307, 1312 (1st Cir. 1996) ("[C]ontract claims that are covered by the Commerce Code but are not designated for special prescriptive treatment automatically fall under the Civil Code's fifteen-year catch-all provision."). This period has been applied to ERISA claims where no alternative limitations period was agreed upon by the parties.

See <u>Nazario Martinez</u> v. <u>Johnson & Johnson Baby Prods., Inc.</u>, 184 F. Supp. 2d 157, 159-62 (D.P.R. 2002).

However, where the contract at issue itself provides a shorter limitations period, that period will govern as long as it is reasonable.  See <u>Island View</u>, 548 F.3d at 27 (applying a contractually agreed-upon limitations period to ERISA claim); <u>Rios-Coriano</u> v. <u>Hartford Life & Accident Ins. Co.</u>, 642 F. Supp. 2d 80, 83 (D.P.R. 2009) ("Choosing which state statute to borrow is unnecessary, however, where the parties have contractually agreed upon a limitations period, provided the limitations period is reasonable."  (internal quotation marks omitted)).

In this case, the Plan's policy stated that "[n]o legal action of any kind may be filed against [MetLife]: (1) within the 60 days after proof of Disability has been given; or (2) more than three years after proof of Disability must be filed."  Given that we have previously found a contractual provision setting a two-year limitations period on ERISA claims reasonable, <u>see</u> <u>Island View</u>, 548 F.3d at 27, we have no difficulty concluding that the three-year period provided by the policy at issue here is also reasonable, <u>see</u> <u>Rios-Coriano</u>, 642 F. Supp. 2d at 83 (finding three-year limitations period on ERISA claims reasonable).  Accordingly, we find, as did

the district court, that the contractually agreed-upon three-year limitations period applies to appellant's claim.[3]

## B. Tolling of the Limitations Period

Pursuant to the limitations provision, no beneficiary may file claims against MetLife "more than three years after proof of Disability must be filed." Here, appellant asserts that he became disabled on September 17, 2001. Thus, under the policy, he was required to provide proof of disability by March 16, 2002.[4] Of course, in this case, appellant did receive disability benefits for twenty-four months and did not seek to challenge MetLife's decision to apply the twenty-four-month cap to his benefits until after that period had elapsed. MetLife's denial of appellant's request for

---

[3] For the first time on appeal, appellant argues that the fifteen-year period provided by section 5294 applies to his claim. However, this argument is based on a misunderstanding of the nature of this action. Appellant acknowledges that the three-year period applies to claims against MetLife, but asserts that the fifteen-year period should apply to his claim against the Plan. Although appellant named the Plan as a defendant, process was never served on the Plan and the Plan never appeared before the district court. MetLife is the only defendant over which the district court had personal jurisdiction and it is the only appellee before us now. Furthermore, "absent the most extraordinary circumstances, legal theories not raised squarely in the lower court cannot be broached for the first time on appeal," River St. Donuts, LLC v. Napolitano, 558 F.3d 111, 114 (1st Cir. 2009) (quoting Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 21 (1st Cir. 1992)), and there are no extraordinary circumstances present in this case.

[4] The policy provides that proof of disability must be provided within three months of the end of a ninety-day waiting period. Therefore, appellant's waiting period ended on December 16, 2001, and he was required to provide proof of disability by March 16, 2002.

reconsideration of its decision did not come until February 27, 2004. Accordingly, there is some question as to whether the three-year limitations period should begin to run on March 16, 2002, when appellant was required to file proof of disability (and MetLife failed to recognize his disability as bipolar disorder), or on February 27, 2004, when MetLife rejected his request for reconsideration of its decision. We need not resolve this issue. Using either date, the three-year limitations period provided by the policy expired several years before appellant finally brought this claim on May 28, 2010.

In an attempt to escape this conclusion, appellant argues that the limitations period should be deemed to have been tolled.[5] First, he argues that the limitations period was tolled by the complaint he filed in Puerto Rico state court in 2004. This argument fails. Even if the limitations period was tolled by the earlier filing, the period began to run again when he voluntarily withdrew the complaint and the case was dismissed without prejudice on June 20, 2005. Under Puerto Rico law, the institution of a legal action does not merely pause the running of the limitations period, but begins the period anew. Rodríguez v. Suzuki Motor

---

[5] Appellee briefly argues that the three-year limitations period is a period of "caducity" under Puerto Rico law, and thus not susceptible to tolling. See Ortega Candelaria v. Orthobiologics LLC, 661 F.3d 675, 678 n.4 (1st Cir. 2011) (discussing principle of caducity). We need not take up this argument because, for the reasons stated, the appellant has failed to show that tolling would be appropriate, even if available.

Corp., 570 F.3d 402, 407 (1st Cir. 2009) (quoting López-González v. Municipality of Comerío, 404 F.3d 548, 552 (1st Cir. 2005)). However, even applying this generous rule, the three-year limitations period began on June 20, 2005, and expired on June 20, 2008, almost two years before appellant initiated this case.

Alternatively, appellant argues that the nature of his bipolar disorder, and the inherent difficulty of diagnosing it, would make it unjust to apply the three-year limitations period. However, appellant provides no legal authority for the proposition that such an exception to the limitations period should apply. Additionally, appellant has not alleged facts suggesting that diagnosis of his condition was not feasible within the three-year limitations period. Moreover, he did not develop this argument before the district court or on appeal. Accordingly, we reject this argument as well.

Finally, appellant makes a handful of related arguments for equitable tolling, pointing to MetLife's alleged failure to provide him with requested information and the supposed ambiguity of the insurance policy with regard to the limitations period. However, these arguments were not made before the district court and we decline to consider them for the first time at this stage. See River St. Donuts, 558 F.3d at 114. Moreover, appellant's briefing demonstrates that these arguments have no merit.

Affirmed.