MEDITERRANEAN INVESTMENT
CORP., Plaintiff,

v.

Antonio Diaz RODRIGUEZ, Defendant.

Civ. No. 81–1757 HL.

United States District Court,
D. Puerto Rico.

Dec. 7, 1983.

Wilda Joy Nin, Hato Rey, P.R., for defendant.

Max Ramírez de Arellano, José R. Franco, San Juan, P.R., for FDIC.

OPINION AND ORDER

LAFFITTE, District Judge.

On November 16, 1983, Magistrate J.A. Castellanos filed his report in the above entitled case recommending dismissal of the complaint as to codefendant Dr. Iván B. Banuchi, on the grounds that plaintiff failed to overcome the commercial presumption of the promissory note at issue herein. The Magistrate concluded that Article 946 of the Commerce Code of Puerto Rico, 10 L.P.R.A. 1908 [1], is applicable to the transaction between Banco Crédito and codefendant.

The note was executed on October 9, 1970, for $5,000 at 10% interest, payable in monthly installments, with a due date on October 15, 1972. The note contained an acceleration clause in case of default on any of the installments. On April 22, 1971, the last installment was made, thereby causing a default and triggering the acceleration clause. Federal Deposit Insurance Corporation (FDIC) acquired the note on March 31, 1978 from the Receiver of Banco Crédito y Ahorro Ponceño, a Puerto Rico

---

1. Article 946 provides:

"Actions arising from drafts shall extinguish three years after maturity, whether such drafts have been protested or not. A similar rule shall apply to commercial bills of exchange and promissory notes, checks, stubs and other instruments of draft or exchange and to coupons and amounts for the redemption of obligations issued in accordance with this Code."

bank that was declared insolvent by the Secretary of the Treasury of the Commonwealth of Puerto Rico. FDIC, in turn, assigned the note to plaintiff herein.

The issue, of necessity, is whether the cause of action to collect the note was time barred when FDIC became the holder of the note or whether, as alleged by plaintiff, the loan is a personal loan, or a non-commercial transaction carrying a fifteen-year limitation period. Defendant asserts that plaintiff's claim is time barred by the application of the five-year limitation period provided in Article 1866 of the Puerto Rico Civil Code, 31 L.P.R.A. 5296.[2] It is settled law that the three-year prescription period is not applicable to non-commercial notes. A non-mercantile note is not subject to the three-year period of limitation fixed by Article 946 of the Commercial Code, 10 L.P.R.A. 1908, but to the fifteen-year term provided by Article 1864 of the Civil Code, 31 L.P.R.A. 5294.[3] *M. Gomez, S. en C. v. Guerra*, 42 P.R.R. 841 (1931); *Banco de Ponce v. Rodriguez*, 53 P.R.R. 166 (1938).

■ Spanish commentator R. Gay de Montilla, Vol. III, Code of Commerce Annotated, p. 121, states:

"Mercantile loans are characterized either by the mercantile character of one of the parties, or because the things loaned are destined for commercial transactions. The mercantile loan is a contract which may be made between merchants, but the special characteristics are found principally in the banking and export business..."

However, the fact that a bank is one of the parties to a promissory note does not necessarily render the note or the loan mercantile in nature. It is well known that in addition to commercial loans banks make other types of loans. In order to establish the commercial nature of a loan, two conditions must be present: (1) that one of the parties thereto be a merchant, and (2) that the loan be devoted to commercial transactions. *Luengo v. Fernandez*, 83 P.R.R. 613 (1961).

As to the commercial presumption provided in the Commercial Code, 10 L.P.R.A. 1908, relied upon by the Magistrate, the recent decision in *FDIC v. Cardona*, et al., 723 F.2d 132 (1st Cir.1983), settles this aspect of the case.

■ We now turn to the effect of the acceleration clause[4] on Article 1866(3) of the Civil Code, 31 L.P.R.A. 5296(3). Spanish commentators Manresa and Scaevola, in commenting on Article 1966 of the Spanish Civil Code, the equivalent of Article 1866 of the Puerto Rico Civil Code, conclude that when the obligation to pay is made annually or in shorter periods and the creditor claims *all* the installments due, the debt or obligation turns into a *single* payment and hence, the fifteen-year term fixed by Article 1864, 31 L.P.R.A. 5294, is the governing provision. See, Manresa, *Comentarios al Código Civil Español*, Vol. XII, 1951 Edition, pp. 933–934; Scaevola, *Código Civil*, Vol. XXXII, Part Two, 1965 edition. Consequently, the end result of the acceleration clause on the note was to recast the installment payments into a single payment, following default. The foregoing makes inapplicable the five-year limitation period of Article 1866 of the Civil Code of Puerto Rico, 31 L.P.R.A. 5296.

Because the entire principal amount of the note is claimed by virtue of the acceler-

---

2. Article 1866 declares that:
   "Actions to demand the fulfillment of the following obligations prescribe in five years:
   (1) ...
   (2) ...
   (3) That of any other payments which should have been made annually or in shorter periods."

3. Article 1864 provides:
   "A mortgage action prescribes after twenty years, and those which are personal and for which no special term of prescription is fixed, after fifteen years."

4. The acceleration clause on the note provided:
   "In the event the undersigned shall default in the payment of any of the said instalments, the full amount then remaining unpaid, including both principal and interest, shall, at the option of the holder, immediately become due and payable on demand..."

ation clause agreed to by the parties thereto, the fifteen-year term encompassed in Article 1864 of the Civil Code, 31 L.P.R.A. 5294 is fully applicable, commencing from the defaulting event in April 1971. Consequently, the complaint filed on September 14, 1981, is timely.

Defendant Banuchi's motion to dismiss is hereby denied. The case is set for pretrial before Magistrate Castellanos on January 26, 1984, and for trial on February 21, 1984, at 9:30 A.M.

SO ORDERED.