**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**FRANCISCO INVESTMENT CORP.; Francisco Murcia Valcarcel and his wife Carmen Rita Jorge; and Miguel Oppenheimer Ortiz and his wife Marta Martinez, Defendants.**

Civ. No. 82–2332 (JAF).

United States District Court, D. Puerto Rico.

July 14, 1986.

---

José R. Franco Rivera, Jaime Brugueras, John David Ferrer, Counsel, Rae Schupack, Regional Counsel, Michael B. Burgee, Deputy Gen. Counsel, San Juan, P.R., Federal Deposit Ins. Corp., for plaintiff.

Johnny Elías Rivera, Hato Rey, P.R., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT

FUSTE, District Judge.

This case was tried before the court on July 9, 1986. The actual defendant parties to this protracted litigation as of the time of trial are Francisco Investment Corp., Francisco Murcia Valcárcel and his wife Carmen Rita Jorge, and Miguel Oppenheimer Ortiz and his wife Marta Martínez.

The parties agreed on April 4, 1986 to prepare a comprehensive factual stipulation to be supported by their respective briefs on three issues which they understood needed court intervention in order to dispose of this case. The issue of *res judicata* was abandoned by defendants. Therefore, the remaining issues were the following as per our order of April 4, 1986:

1. Whether the loans object of this suit are mercantile or commercial in character.

This determination is related to the applicable statute of limitations that should be applied to the transaction.

2. Whether the debt has been paid.

The hearing was held as scheduled. No factual stipulation of significance was reached. Therefore, we heard the evidence as presented by the parties. Based upon our examination of the evidence received, and after passing upon the demeanor and credibility of defendant Francisco Murcia Valcárcel, we enter our findings, conclusions, and judgment. Fed.R.Civ.P. 52.[1]

The loan obligation object of this suit was evidenced by a promissory note in the original amount of $283,812.21, executed on November 6, 1973, by Francisco Investment Corp., through its president, Francisco Murcia Valcárcel. The obligation bears interest at the rate of 12% per annum and was payable on December 5, 1973. The loan obligation, payable to the now defunct Banco de Economías y Préstamos, carried joint and several collateral guarantees by the defendants Francisco Murcia Valcárcel and Miguel Oppenheimer Ortiz up to the amount of $460,000.

The loan in question was the third of a chain of loans that had been previously entered into. The monies had been used by Francisco Investment Corp. as part of its project to acquire by purchase the outstanding stock of Cupey Bajo Nursing Home, Inc. from Plan Permanente de Servicios Médicos Completos de Puerto Rico, Inc., which at the time was insolvent and unable to operate the Cupey Bajo Nursing Home facilities. Banco de Economías y Préstamos facilitated the transaction and the string of loans, inasmuch as Francisco Investment Corp. and its guarantors became fresh debtors after having assumed prior substantial outstanding debts of Plan Permanente with Banco de Economías y Préstamos.

As a result of the transactions which led to the last loan, object of this suit, Francisco Investment Corp. became the owner of

1. Jurisdiction is founded on 12 U.S.C. Sec. 1819 and 28 U.S.C. Sec. 1345. FDIC has the legal capacity to bring the present action. 12 U.S.C. Secs. 1811–1832.

all stock outstanding of Cupey Bajo Nursing Home, Inc. Effectively, the corporation acquired, as a holding company, all interest in the nursing home. Future plans included the conversion of the same into a regular hospital. This was the only commercial transaction of Francisco Investment Corp. from the time the defendant Francisco Murcia Valcárcel bought the same in 1973 to the time that the corporation ceased operations in the 1980's, most probably in 1982–83.

The evidence received shows without doubt that the commercial transaction or loan for $283,812.21, entered into on November 6, 1973, was civil and not mercantile in character. Thus, the obligation was not subject to the commercial or mercantile three-year statute of limitations contained in the Commerce Code of Puerto Rico, 10 L.P.R.A. Sec. 1908. *See generally, Federal Deposit Ins. v. Norberto Medina Realty*, 633 F.Supp. 24, 25 (D.P.R.1986). The applicable time-for-suit provision was that contained in the Civil Code of Puerto Rico, article 1864, 31 L.P.R.A. Sec. 5294, that is, fifteen years. This civil prescriptive term was further protected by federal law as it pertains to FDIC as liquidator of now insolvent Banco de Economías y Préstamos, 28 U.S.C. Sec. 2415. *See generally, Federal Deposit Insurance Corp. v. Marcelino Roldán Fonseca*, 795 F.2d 1102, 1108 (1st Cir.1986).

■ In this respect, we cannot find that the conditions established by the Commerce Code for the transaction to be mercantile in character have been met. Article 229, Commerce Code, 10 L.P.R.A. Sec. 1651. Although a corporation may be deemed to be a merchant as required by article 229 of the Code, the second requisite required by said law, that the proceeds of the loan be devoted to commercial transactions, must also be present. As stated before, the credible evidence is to the effect that the proceeds of the loan were used to acquire from Plan Permanente de Servicios Médicos Completos de Puerto Rico, Inc. ten shares of Cupey Bajo Nursing Home, Inc. Defendant Francisco Investment Corp.,

along with the guarantors, defendants Murcia-Valcárcel and Oppenheimer-Ortiz, agreed to jointly and severally guarantee the outstanding obligation of Plan Permanente with the Bank. There is no evidence that among the corporate purposes embodied in Francisco Investment's corporate charter was the business of purchasing the stock of other corporations to serve as holding company. There is no evidence that another chartered business purpose was that of guaranteeing the obligations of third parties. Francisco Investment Corp. cannot be considered a merchant under the Commerce Code. Furthermore, the loan proceeds were obviously not destined to any legitimate commercial purpose or transaction as defined in the Code. 10 L.P.R.A. Sec. 1002. *Federal Deposit Ins. v. Barrera*, 595 F.Supp. 894 (D.P.R.1984).

A merchant in the Spanish Commerce Code context is that person or entity that exercises an intermediary function between production and consumption. Profit is not the deciding factor in defining the merchant or the commercial transaction. The owner who purchases a lot to resell the same or to lease it; the writer who sells his work; the artist that opens an exhibition of his work to sell; the doctor who opens a hospital for profit, are not merchants and the transactions are not commercial from the Code's point of view. *Building Maintenance Services v. Hato Rey Executive Bldg.*, 109 D.P.R. 656, 664 (1980). Garrigues, *Tratado de Derecho Mercantil*, 1947, T. I, Vol. I, pp. 321–22. Here, unlike *Barrera*, the transactions were not one more episode of the corporation's regular course of business. In *Barrera*, loans were devoted solely to the known and regular course of business of the corporation. Here, there is no credible evidence that Francisco Investment Corp.'s regular course of business was to buy stock from other corporations and to guarantee their uncollectible debts. Here, the testimony shows that the real purpose behind the transaction was for personal (natural) defendants and other physicians to acquire the Cupey Bajo Nursing Home facilities through a corporate entity, in order to later

transfer a certificate of need and convenience held by another corporation controlled by defendants, in order to convert the nursing home into a regular hospital or into an extended care facility. *Barrera*, 595 F.Supp. at 898–99; *FDIC v. Cardona*, 723 F.2d 132, 136 (1st Cir.1983). Under these circumstances, we are convinced that the note in question is civil in character and subject to the fifteen-year statute of limitations applicable to private loans, better stated, to loans civil in character.

▋ The remaining issue, whether payment had been effectively made, needs our prior finding to the effect that Murcia-Valcárcel's testimony is simply incredible. Said defendant testified, in conclusory and general terms, that he had no doubt that the loan was paid from the proceeds of a loan made by the Bank to Losan, Inc., another corporation controlled by defendant Murcia-Valcárcel. To that effect, some bank statements were presented in evidence showing a credit and debit to Francisco Investment's escrow account on October 30–31, 1975, in the amount of $283,-812.21. The one bank statement, without a history of the account and the corresponding debit and credit memorandums, does not mean much in an escrow-account context. The witness was later effectively impeached. He admitted to FDIC under oath in 1982 that he was a debtor along with Francisco Investment Corp. to Banco de Economías y Préstamos.[2] In this jurisdiction, proof of obligations devolves upon the persons claiming their fulfillment, and that of their extinction upon those opposing it, article 1168, Civil Code, 31 L.P.R.A. Sec. 3261. It so happens that the original note and guarantee agreements are in the hands of FDIC. Therefore, in accordance with article 1168 of the Civil Code, Rule 16(9) of the local Rules of Evidence, and Fed.R. Evid. 302, the fact that FDIC holds the promissory note and guarantee documents evidencing the obligation constitutes a presumption against extinction of the obligation until destroyed by proof to the contrary. Murcia-Valcárcel's self-serving testimony did not meet that standard.[3] *Shaw v. Rodríguez*, 24 D.P.R. 812 (1917). Defendants shall pay, jointly and severally, as detailed in the judgment, the principal amount of $283,812.21, plus interest up to and including July 9, 1986, amounting to $351,958.24, for a total of $635,770.45. A per diem of $93.30 shall accrue after July 9, 1986 until the debt is paid. A penal fee, as contemplated in the note and guarantees, of 10% of the principal amount, that is, $28,381.22, shall be paid. Articles 1106–1109 of the Civil Code, 31 L.P.R.A. Secs. 3131–3134.

### Judgment

Based on the foregoing findings and conclusions, judgment is hereby entered against Francisco Investment Corp., ordering said corporation to pay FDIC the principal amount of $283,812.21, plus accrued

**2.** The impeaching affidavit acknowledging the debt speaks in terms of an obligation in the principal amount of $283,718.63 and not of $283,812.21. We find that the first amount, that is, $283,718.63, was simply an error carried over from the liquidation documents generated by Banco Central upon taking over partially the operations of Banco de Economías y Préstamos. The obligation, properly speaking of $283,-812.21, was erroneously catalogued as being of $283,718.63. *See* plaintiff's Exhibit 11 and defendants' Exhibit F at 1 (caption). *See also* page 3, where the amount is correctly stated.

**3.** There is no question that the defendant-witness Murcia-Valcárcel is an experienced businessman. It is very difficult to imagine that if he indeed paid the loan, through whatever means, he did not keep accurate evidence of payment. The court could have looked at various documents that could evidence payment, to wit: (a) a complete accounting of the corporation's accounts with the Bank (statements of account) as performed by the corporation's accountants; (b) the recognition of the debt and the eventual cancellation in the corporation's financial statements filed, as required by local law, annually at the Departments of State and Treasury, and evidence from bank officials who could have shed light on the subject. This was not done. Defendants did not meet their burden. Furthermore, it is difficult to believe that the 1982 acknowledgement of the debt was, like in a criminal case context, an involuntary confession. "We judges should not, after all, be so naive as to believe statements which no one else would believe." *People v. Luciano*, 83 P.R.R. 551, 561 (1961).

interest up to July 9, 1986, of $351,984.24, for a total of $635,770.45, as well as a per diem for interest of $93.30 until paid. The penal fee of $28,381.22 shall also be paid.

Since the personal, joint, and several guarantors of the corporate obligation of Francisco Investment Corp. have a maximum exposure of $660,000 as per terms and conditions of the guarantees, judgment shall be entered against Francisco Murcia Valcárcel/Carmen Rita Jorge and Miguel Oppenheimer Ortiz/Marta Martínez in the amount of $660,000, with interest until paid. The complaint is hereby DISMISSED as to defendant Ramón Pumarejo.

IT IS SO ORDERED.