**WILSHIRE CREDIT CORPORATION,**
**Plaintiff,**

v.

**G & C PLAZA INC., et al., Defendants.**

**No. CIV. 98–2135(DRD).**

United States District Court,
D. Puerto Rico.

July 31, 1999.

---

Mildred Caban–Flores, Goldman Antonetti & Cordova, San Juan, PR, Ivan R. Fernandez–Vallejo, Rodriguez & Fernandez, San Juan, PR, for Plaintiff.

Rafael Ojeda–Diez, Ojeda & Ojeda, San Juan, PR, Pedro Zorrilla–Martinez, San Juan, PR, for Defendants.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Plaintiff, Wilshire Credit Corporation ("Wilshire"), filed a diversity action for collection of monies and foreclosure of pledge and mortgages relating to a loan agreement, a promissory note, and several personal guarantees. Plaintiff acquired the promissory note and now seeks recovery against co-defendant, G & C Plaza, as issuer of the note. *See* Complaint ¶ 7–9 (**Docket # 1**). Plaintiff also seeks recovery against co-defendant Leticia Brunet González ("Brunet González") as one of the guarantors of said note. See Complaint (**Docket # 1**).

Pending before the Court is a motion to dismiss filed by co-defendant Leticia Brunet González pursuant to Fed. R.Civ.P. 12(b)(6). (**Docket # 6**). Brunet González contends that the complaint against her should be dismissed because plaintiff filed the suit beyond the three (3) year statute of limitations prescribed for actions for commercial notes as provided by Article 946 of the Commerce Code of Puerto Rico. P.R. Laws Ann. tit. 10 § 1908. Upon careful examination of the relevant facts, the applicable law and the arguments advanced by the parties, co-defendant's Motion to Dismiss (**Docket # 6**) is hereby **GRANTED**.

## I. Motion to Dismiss Standard

The appropriate standard for Fed. R.Civ.P. 12(b)(6) motions to dismiss was reiterated by the U.S. Court of Appeals for the First Circuit in the case of *Ronald C. Brown v. Hot, Sexy, And Safer Productions, Inc.*, 68 F.3d 525 (1st Cir.1995). The standard provides that a court must accept as true all well-pleaded allegations within the complaint and indulge all reasonable inferences in favor of the plaintiff. *See Hot, Sexy, And Safer Productions, Inc.*, 68 F.3d at 530, *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 276, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976); *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990); *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989). However, "[b]ecause only well pleaded facts are taken as true, we will not accept a complainant's unsupported conclusions or interpretations of law."*Washington Legal Foundation v. Massachusetts Bar Foundation*, 993 F.2d 962, 971 (1st Cir.1993). Dismissal under Fed.R.Civ.P. 12(b)(6) is appropriate if the facts alleged, taken as true, do not justify recovery. *Aulson v.Blanchard*, 83 F.3d 1, 3(1st Cir. 1996).

In opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Technology*, 950 F.2d 13, 22 (1st Cir.1991). Rather, plaintiff has an affirmative responsibility to put his best foot forward in an effort to present a legal theory that will support his claim. *Id.* at 23 (citing *Correa–Martinez*, 903 F.2d at

52; *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989); *Ryan v. Scoggin*, 245 F.2d 54, 57 (10th Cir. 1957)). In order to survive a motion to dismiss, plaintiffs must set forth in his complaint "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988).[1]

## II. Applicable Law/ Analysis

Co-defendant Brunet González argues that plaintiff Wilshire's complaint should be dismissed because the cause of action brought by such corporation was time-barred pursuant to Article 946 of the Commerce Code, P.R. Laws Ann. tit. 10 § 1908. Under Section 1908, plaintiff is required to file an action within three (3) years after maturity of the promissory note and loan agreement. On the other hand, plaintiff states in its Motion in Opposition tom Motion to Dismiss (**Docket # 14**), that the above-mentioned loan agreement was not a commercial transaction and that as such the fifteen (15) year statute of limitations period prescribed for personal loans is applicable. Article 1873 of the Civil Code of P.R., P.R. Laws Ann. tit. 31 § 5303; *F.D.I.C. v. Consolidated Mortgage and Finance Corp.*, 805 F.2d 14 (1st Cir.1986); *F.D.I.C. v. Cardona*, 723 F.2d 132, 134 (1st Cir.1983); *Mediterranean Investment Corp. v. Rodriguez*, 575 F.Supp. 268 (D.Puerto Rico 1983); *Luengo v. Fernandez*, 83 P.R.R. 613 (1961).

■ In this diversity claim, local law determines the limitations period applicable to commercial loans. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); ("When parties litigate in Federal Courts on the basis of diversity jurisdiction, state law supplies the substantive rules of decision.") *Fitz-*

gerald *P.P.A. v. Expressway Sewerage Construction, Inc.*, 177 F.3d 71, 74 (1st Cir.1999); ( In diversity jurisdiction, in the federal courts of Puerto Rico, Puerto Rican law controls, *Advance Financial Corporation v. Isla Rica Sales, Inc.*, 747 F.2d 21, 28 (1st Cir.1984)).

■ The three (3) year prescription period set forth in Art. 946, P.R. Laws Ann. tit. 10 § 1908, for actions on promissory notes is only applicable to commercial loans. *F.D.I.C. v. Barrera*, 595 F.Supp. 894, 897 (D.Puerto Rico 1984) (citing *Banco de Puerto Rico v. Rodriguez*, 53 P.R.R. 166 (1938)). The Puerto Rico Supreme Court and federal courts in the island have specifically stated that a non-mercantile note is not subject to the three (3) period of limitations, but to the fifteen (15) year period set forth under Article 1873 of the Puerto Rico Civil Code. *See F.D.I.C. v. Barrera*, 595 F.Supp. 894; *Mediterranean Investment Corp. v.Rodriguez*, 575 F.Supp. 268; *Luengo v. Fernandez*, 83 P.R.R. 613.

■ Article 1746 of the Civil Code of Puerto Rico states that "the obligation of the surety will expire at the same time as that of the debtor." P.R. Laws Ann. tit. 31 § 4951. As a guarantor, co-defendant Brunet González "is liable to the extent the person she guaranteed is liable." *Barrera*, 595 F.Supp. at 897. Thus, if the statute of limitations has expired on enforcement of the commercial notes as to the principal debtor, it has also expired on enforcement as to any guarantor. *Id.*

In synthesis, co-defendant Brunet González avers that the note in question here is commercial in nature and, as such, actions to recover on said note are subject to the three (3) year statute of limitations period of Article 946. Because plaintiff

---

**1.** Notwithstanding that both parties referred to the Motion as one entitled Motion to Dismiss, since the Court considers documents filed outside from the pleadings, the Motion is in reality a Motion for Summary Judgment. A conversion to a Summary Judgment has

occurred, "the test is not whether supplementary materials were filed, but whether the Court actually took cognizance of them." *Garita Hotel Ltd. v. Ponce Federal Bank*, 958 F.2d 15, 19 (1st Cir.1992).

filed suit beyond the three (3) year statute of limitations period, co-defendant argues the complaint should be dismissed as time-barred. Plaintiff filed the complaint seeking collection of money and foreclosure of pledge and mortgage note as to a loan agreement subscribed by co-defendant G & C Plaza. Several personal guarantors, including codefendant Brunet Gonzalez, signed as guarantors. The loan agreement, promissory note and personal guarantees subject of the instant case were all executed on May 24, 1990. *See* Complaint and Motion to Dismiss (**Docket # 1 and # 6, respectively**). Wilshire filed suit on October 9, 1998. Brunet González was served with process and notified of the pending action against her on October 20, 1998. The loan in question, evidenced by the promissory note and loan agreement, had a twenty-four (24) month term commencing on May 24, 1990. As such, it matured on May 24, 1992. *See* Exhibit # 1 to the Motion to Dismiss (**Docket # 6**). Based on these facts, co-defendant Brunet González contends that having filed the complaint in excess of three (3) years after the loan matured, plaintiff's claim is time-barred.[2] *See* Motion to Dismiss. (**Docket # 6**). The critical issue for this Court to determine is whether the loan made to G & C Plaza should be considered "commercial" under Puerto Rican law, mandating the application of the three (3) year statute of limitation period for actions that are commercial loans. *F.D.I.C. v. Consolidated Mortgage and Finance Corp.*, 805 F.2d 14 (1st Cir.1986); *F.D.I.C. v. Cardona*, 723 F.2d 132 (1st Cir.1983).

In *Garita Hotel Ltd. Partnership v. Ponce Federal Bank, F.S.B.*, 954 F.Supp. 438, 452–454 (D.Puerto Rico 1996), *affirmed by* 122 F.3d 88, 89 (1st Cir.1997), the court discussed the potential applica-

bility of the Puerto Rico Commerce Code to transactions. In order to decide whether a loan is commercial in nature, two conditions must be established: (1) that one of the contracting parties thereto be a merchant, and (2) that the articles loaned be destined to commercial transactions. Article 229 of the Puerto Rico Commerce Code, P.R. Laws Ann. tit.10 § 1651; *Barrera*, 595 F.Supp. 894; *Garita*, 954 F.Supp. 438. Both conditions must be proven to exist. *Garita*, 954 F.Supp. 438; *Pescaderia Rosas, Inc. v. Lozada*, 116 P.R.R. 582 (1985); *F.D.I.C. v. Marco Discount House*, 575 F.Supp. 730 (1983). The Court finds the loan at issue to be commercial in nature under the Commerce Code of Puerto Rico. The Court briefly explains.

## A. Banks are merchants for purposes of Commerce Code applicability

■ Banks are merchants for purposes of the Commerce Code. Article 1 of the Puerto Rico Commerce Code, P.R. Laws Ann. tit. 10 § 1001; *Garita*, 954 F.Supp. 438. The Court in *Garita* found that, "there is some authority supporting the view that any loan to which a bank is a party should be considered a commercial transaction." *Garita*, 954 F.Supp. at 452.[3] In its analysis, the Court discussed the origin and purpose of Article 2 of the Puerto Rico Commerce Code. This article states that "commercial transactions, be they consummated by merchants or not, ... shall be governed by the provisions contained in the same... Commercial transactions shall be considered those enumerated in this Code and any other of a similar character." P.R. Laws Ann. tit. 10 § 1002; *Pescaderia Rosas*, 116 P.R.R. at 585. Article 2 of the Puerto Rico Commerce Code is an exact copy of Article 2 of

**2.** The note matured on May 24, 1992; the suit was filed on October 9, 1998, out of bounds from the three (3) year period of limitations of the Commerce Code, should said period be applicable.

**3.** The Court specifically cites a Spain Supreme Court's Judgment of May 9, 1944,

which held that "it is not necessary to show that the articles loaned are destined to commercial transactions when the loan in question is issued by a bank, even if the loan is issued to a person who is not a merchant, who does not propose to employ the money in commercial operations."

the Spanish Commerce Code of 1885. Because of this, the District Court in *Garita*, 954 F.Supp. at 452, engaged in an extensive analysis of Spanish jurisprudence and comentarists which concluded that "bank loans are commercial because they are transactions of a character similar to the transactions enumerated in the Commerce Code."[4] *Pescaderia Rosas*, 116 P.R.R. 584. Therefore, banks may be considered merchants for purposes of the Commerce Code dispositions.

## B. The bank loan at issue is a commercial transaction

■ The bank loan issued to G & C Plaza, guaranteed by co-defendant Brunet González, is a commercial transaction for the purpose of Article 229, P.R. Laws Ann. tit. 10 § 1651. As to bank loans proceeds, the Puerto Rico Supreme Court's only decision that is "roughly on point concludes that all bank loans are not necessarily commercial." *Garita*, 954 F.Supp. at 453, citing *Banco de P.R. v. Rodriguez*, 53 P.R.R. 166 (1938). However, when referring to the above mentioned Article 2 of the Commerce Code, the Puerto Rico Supreme Court has also stated that "it avoids itemization, as well as a doctrinary definition, as means for establishing what is a commercial transaction, and widely opens the way for the evolution of the concept in the light of the changes that may take place in the economic reality." *Pescaderia Rosas*, 116 P.R.R. at 586.

■ In *Pescaderia Rosas*, the Puerto Rico Supreme Court specifically stated that commercial transactions may be governed exclusively by the Commerce Code or by both the Commerce Code and the Civil Code. The local Supreme Court stated that bank loans belong to the latter. *Id.* Because bank loans may be governed by both the Commerce and Civil Code, the

factors that define whether it is commercial or civil in nature vary and must be determined in a case-by-case basis. *Id.* There is no formula for defining which transactions are commercial; but it is worth noting that there is a common element linking these transactions: "their purpose, their connection with commercial exchange, their frequency, and their approach to the exchangeable value of things." *Garita*, 954 F.Supp. at 453, (citing *Pescaderia Rosas*, 116 P.R.R at 586).

Following this line of interpretation, the District Court held that it was sufficient evidence to fulfill the requirements of Article 229 of the Commerce Code, " that a corporation was devoted to the business of developing or building for others who, in turn, sold or leased housing units to the public." *Barrera*, 595 F.Supp. 894. *See also F.D.I.C. v. Consolidated Mortgage and Finance Corp.*, 805 F.2d 14, 18 (1st Cir.1986), ( holding that "the Court in *Barrera* correctly stated the law of P.R. in this regard"; bank loans proceeds used for the development and construction of housing units are commercial ). In that same case of *Barrera*, the Court also held that this evidence was enough "to warrant characterization of bank's loans to promoter and general contractor in housing construction business as 'commercial', and thus subject to the three (3) year limitations period for actions in commercial notes, rather than the fifteen (15) year limitation period for noncommercial notes." *Barrera*, 595 F.Supp. at 897.[5] Relying on the holding in *Barrera*, the *Garita* Court noted that "it is clear that those involved in areas of promotion and construction of structures, houses, and buildings in the context of construction industry have to be considered subject to the regulation of the Commerce Code." *Garita*, 954 F.Supp. at 454.

---

4.  Joaquín Garrigues, *Curso de Derecho Mercantil* [*Course on Commercial Law* ], Tomo IV, p. 145 (TEMIS: 7th ed. 1987) (Translation ours). José M. Martínez–Val, *Derecho Mercantil* [*Commercial Law* ], 496–98 (Bosch, 1979) (loans made by banks are commercial

loans and are therefore governed by the Commerce Code).

5.  The author of the *Barrera* opinion was then District Chief Judge Torruella.

The purpose and nature of G & C Plaza Inc., was (i) to engage in the business of construction and development of real state projects and housing, (ii) to own, lease, sell, operate, and dispose of real state properties, (iii) to enter into the construction, repair, remodeling and/or rehabilitation of real state property.[6] *See* G & C Plaza Inc.'s Certificate of Incorporation at Exhibit # 3 to the Motion to Dismiss (**Docket # 6**). G & C Plaza Inc. borrowed the $150,000.00 from Banco Nacional, S.A. as part of the development and to cover the obligations generated by the construction of the residential/commercial housing project, La Inmaculada in Santurce, P.R. *See* the "Préstamo Comercial" from Banco Nacional at Exhibit # 4 to the Motion to Dismiss (**Docket # 6**). The notes in controversy were issued in connection with said corporation's commercial activities and business since G & C Plaza, Inc. intended to use the loaned funds to cover the costs of the development and management of the mentioned real state project, including its promotion and consulting service. *See* Exhibit # 3 to the Motion to Dismiss (**Docket # 6**). Thus, the Court finds that G & C Plaza Inc., is a corporation involved in the construction, real estate and mortgage business, and the loans were to develop a real state project. *F.D.I.C. v. Barrera*, 595 F.Supp. 894. The Court further notes that the First Circuit Court of Appeals in *Garita v. Ponce Federal Bank*, 122 F.3d at 89, specifically held that bank loans for "real estate development" are commercial in nature. *See also F.D.I.C. v.*

*Consolidated Mortgage and Finance Corp.*, 805 F.2d at 18, ( holding that the corporations who received bank loans, "were all developers and business entities involved in the construction and mortgage business" and hence covered by the Commerce Code).

### III. Summary

In the present complaint, Wilshire demanded the payment of amounts due in relation to the debts of G & C Plaza, Inc. that were personally guaranteed by co-defendant Brunet González and others. The execution of personal guarantees for real state development corporate loans extended by banks to promoters and general contractors in the housing construction development are covered by the three (3) year period of limitation mandated in the Commerce Code because, as guarantors, "the obligation of the surety will expire at the same time as that of the debtor." P.R. Laws Ann. tit. 31 § 4951. Since under Puerto Rico law, the statute of limitations, began to run on the day of maturity of the note, May 24, 1992, a claim on such instrument will be barred after three (3) years from that date, May 24, 1995. *Hernandez v. Muniz*, 10 P.R.R. 17, 19 (1906).[7] Wilshire Credit Corporation did not file any judicial action, against either G & C Plaza or its guarantors, in any way relating to collection of money regarding the loan agreement and promissory note in question until the filing of the instant complaint.[8] Having filed its complaint on Oc-

**6.** Plaintiff claims that defendant must prove that the loans were de facto used for a commercial purpose indicated in the documents. Defendant has complied with the required burden since the documents on record, not contradicted by plaintiff, clearly set forth the purpose of the loan. Exhibit # 4 to the Motion to Dismiss (Docket # 6); Letter by Mr. Ariel Gutiérrez, President of the debtor, dated April 25, 1990, wherein the loan is described by him as "commercial" and the purpose of the loan requested is to cover "promotional costs" relating to the "development" of an "important [real state] project", (residential and commercial project, known as Plaza Inmaculada).

**7.** Should the note have been payable on demand, the due date is the date of execution. *F.D.I.C. v. Consolidated Mortgage and Finance Corp.*, 805 F.2d. at 17 n. 3.

**8.** Since the debt is commercial in nature, the statute of limitations period under Puerto Rico Law is one of "caducidad", meaning that the term is not subject to mere extrajudicial suspension. P.R. Laws tit. 10 § 1903. *Pacheco v. National Western Life Ins. Co.*, 122 D.P.R. 55 (1988). (The statutes period may only be interrupted by a judicial claim, a recognition of the debt by the debtor, or by renovation of the document.)

tober 9, 1998, the claims of Wilshire Credit Corporation against G & C Plaza, and Leticia Brunet González, as guarantor, are time-barred. Accordingly, co-defendant's Motion to Dismiss (**Docket # 6**) is **GRANTED.**

IT IS SO ORDERED.