**Sonia NAZARIO MARTINEZ Plaintiff,**

v.

**JOHNSON & JOHNSON BABY PRODUCTS, INC; the Plan Administrator Also Known as Medical Card System, Inc. Defendants.**

**No. CIV.01–2031(PG).**

United States District Court,
D. Puerto Rico.

Jan. 31, 2002.

Carlos M. Bergne-Vargas, San Juan, PR, for plaintiff.

Carl E. Schuster, Lourdes C. Hernandez-Venegas, Schuster Usera Aguilo & Santiago, San Juan, PR, for defendants.

### *OPINION AND ORDER*

PEREZ–GIMENEZ, District Judge.

Before the Court is Defendants' "Motion to Dismiss and/or For Summary Judgment and Memorandum of Law in Support Thereof" (Docket No. 6). Plaintiff filed an "Opposition to Motion to Dismiss and/or Summary Judgment" (Docket No. 12) and

Defendants filed a "Reply to Plaintiff's Opposition to Motion to Dismiss" (Docket No. 15).

Plaintiff is suing under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.,* to recover benefits allegedly due to her for the wrongful termination of her Long Term Disability Income Plan benefits (hereinafter "LTD"). The issue before the Court is one of procedure, to wit: how long does a plaintiff have to file a claim under 29 U.S.C. § 1132(a)(1)(B) in the District of Puerto Rico? Because the Court finds the answer to be fifteen years, Defendants' Motion to Dismiss is **DENIED.**

## I. STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b) states that if a motion to dismiss for failure to state a claim is filed and "matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided by Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *See Maldonado v. Dominguez,* 137 F.3d 1, 5 (1st Cir.1998). In the instant case, the Defendants captioned their motion a "Motion to Dismiss and/or for Summary Judgment." Plaintiff then filed her opposition acknowledging the possibility that this motion could be treated as a Rule 56 motion. Since the narrow issue presented is purely legal, and no factual determinations are required, the Court will proceed under Rule 12(b).[1] We therefore proceed with the standard for a Motion to Dismiss.

A motion pursuant to Federal Rule of Civil Procedure 12(b) is submitted when the moving part believes that the nonmovant has failed to state a claim upon which relief can be granted. When deciding on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept the facts set forth in the plaintiff's complaint as true, and must draw all reasonable inferences in the plaintiff's favor. *Porter v. Nutter,* 913 F.2d 37, 38 (1st Cir.1990); *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). In addition the Court should not grant a motion to dismiss unless it appears that the plaintiff could prove no set of facts under which he or she could recover. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 516 (1st Cir.1988). While this standard is very generous to the plaintiff, it does not follow that it is completely "toothless". *Zeus Projects Limited v. Pérez Y Cia,* 187 F.R.D. 23, 26 (D.P.R.1999).

## II. BACKGROUND

Plaintiff Sonia Nazario Martínez, a former employee of Johnson & Johnson, began receiving LTD benefits in 1992. After a medical examination, Medical Card Systems ("MCS") terminated her LTD benefits because she was allegedly able to work under certain conditions for eight (8) hours. Plaintiff filed a first-level appeal before the Johnson & Johnson Pension Committee. On November 19, 1997 after MCS terminated her LTD benefits, Plaintiff filed a second level appeal of said decision.

The appeal was misdirected and sent to MCS instead of Johnson & Johnson. The appeal was finally delivered and referred to the Johnson & Johnson Disability Re-

---

1. The Court could have converted the Motion to Dismiss into a Motion for Summary Judgment and given parties time to brief all the factual issues presented, but it would not have mattered to the ultimate procedural issue presented in the motions before the Court.

view Committee. On December 17, 1997 the Committee issued a letter of denial of that appeal signed by Valerie Pax, the Director of Disability Management for Johnson & Johnson. The initial notice of denial was returned by the Postal Service due to an incorrect address, but the second notice (sent by certified mail) was received by Plaintiff on January 14, 1998.

### III. *THE STATUTE OF LIMITATIONS*

 Civil Enforcement of ERISA is provided for in section 502 of the Act, codified at 29 U.S.C. § 1132. Plaintiff's cause of action arises under 29 U.S.C. § 1132(a)(1)(B).[2] No federal statute of limitations exists for ERISA lawsuits filed under § 1132. *See Harrison v. Digital Health Plan*, 183 F.3d 1235 (11th Cir. 1999); *Sandberg v. KPMG Peat Marwick LLP*, 111 F.3d 331 (2d Cir.1997). In cases such as this the Court has to borrow the most analogous statute of limitations from the jurisdiction where it sits to apply to § 1132 claims. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). If Congress does not provide a statute of limitations, under *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the "settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." *Id.* at 266–67, 105 S.Ct. 1938. In *Wilson v. Garcia*, the Supreme Court determined that the "characterization of § 1983 [42 U.S.C. § 1983] for statute of limitations purposes is derived from

the elements of the cause of action, and Congress' purpose in providing it. These, of course, are matters of federal law." *Id.* at 268, 105 S.Ct. 1938. It is only the length of the limitations period that is a matter of state law. As such, the Court will look to the law of the Commonwealth of Puerto Rico and decide between the following options: first, the statute of limitations under Law 180, 29 P.R. LAWS ANN. § 246b, which is three years, or second, the residual contract statute under the Puerto Rico Civil Code, 31 P.R. LAWS ANN. § 5294, which is fifteen years.

Defendants argue that the most analogous statute of limitations is that which is set forth in the Puerto Rico Minimum Wage, Vacation and Sick Leave Act, or Law 180, as it is commonly referred to. The present codification is at 29 P.R. LAWS ANN. § 250 *et seq.*, as Defendants correctly point out. Inasmuch as the Plaintiff's cause of action accrued in late 1997 or early 1998, the relevant statute was codified at 29 P.R. LAWS ANN. § 246b.[3] The statute in relevant part reads:

> Any...employee who receives a lower compensation than that fixed in §§ 245 *et seq.* of this title or in a mandatory decree, order or regulation of the Minimum Wage Board or in a collective bargaining agreement or an individual work contract shall be entitled to recover through a civil action the unpaid difference... to which [she] is entitled for

---

**2.** That section reads: "A civil action may brought by a participant or beneficiary... to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan...." 29 U.S.C. § 1132(a)(1)(B). Plaintiff's reference in her complaint to a "breach of fiduciary duties under ERISA" (Complaint, Docket No. 1, ¶ 18), is not relevant to our analysis of the

statute of limitations problem presented since her claim arises under § 1132, not 29 U.S.C. § 1113.

**3.** The language in both statutes is identical, and no operative difference exists between § 246b and the present § 250, but the statute that applies to plaintiffs' claim would be § 246b.

wages, vacations, sick leave or any other benefit. . . .

29 P.R. LAWS ANN. § 246b (a).

Plaintiff argues that the present action is a contract action and therefore should be governed by 31 P.R. LAWS ANN. § 5294. With the parties' arguments in mind, the Court will now analyze the laws of the Commonwealth of Puerto Rico applicable to this controversy.

The Supreme Court of Puerto Rico, as well as the legislature of the Commonwealth of Puerto Rico, have developed far-reaching labor laws that seek to level the playing field between employer and employee in this jurisdiction. The Supreme Court of Puerto Rico expanded on the statue of limitations issue in *Vélez Rodríguez v. Pueblo Int'l*, 135 D.P.R. 500, 1994 WL 909576 (1994). There, the plaintiff claimed that the employer violated the Worker's Compensation law ("Law 45") and the Wages and Salaries law ("Law 180") because it did not reinstate him after an on the job injury. In that case the court reversed the trial court's grant of summary judgment. The trial court had held that the most analogous period was the one-year statute of limitations for torts. However, the Supreme Court found that the most analogous claim, and period of limitations, was under 29 P.R. LAWS ANN. § 246d, which is an employment statute.

In reaching its ruling, the Court must look to the federal common law to determine the nature of the claim, and then seek the state statute that is most analogous for statute of limitations purposes. Specifically, the Court is required to determine or characterize the type of claim in question, and select the most analogous statue of limitations. *Wilson v. Garcia*, *supra*, at 261, 105 S.Ct. 1938; *North Star Steel Co. v. Thomas*, 515 U.S. 29, 35, 115 S.Ct. 1927, 132 L.Ed.2d 27 (1995). The

claim in the instant case arises from a contract to provide benefits to the employees of Johnson & Johnson under ERISA. The majority of the Circuit Court of Appeals that have entertained this issue have found, without exception, that the claim for benefits under § 1132(a) is to be characterized as a simple contract claim under federal law.

In *Johnson v. State Mutual Life Assurance Co. of America*, 942 F.2d 1260 (8th Cir.1991)(en banc), the Eighth Circuit Court of Appeals held that the applicable statute of limitations under ERISA for a claim under § 1132(a)(1)(B) was the ten-year Missouri statute of limitations governing written contracts. *Id.* at 1265. The Court cited with approval the prior holding of the Third Circuit Court of Appeals in *Edwards v. Wilkes–Barre Pub. Co.*, 757 F.2d 52 (3d Cir.1985), that unless a breach of fiduciary duty is alleged, the proper characterization of a claim under § 1132(a)(1)(B) is as a contract action. In *Meade v. Pension Appeals and Review Comm.*, 966 F.2d 190, 195 (6th Cir.1992), the Court determined that since the claim for benefits under an employee benefits plan should be characterized as a contract action, the fifteen-year statute of limitations claim under Ohio law should apply, despite defendants' public policy argument that the fifteen-year term was too long. *Id.*

The Fifth Circuit, applying Texas law, determined that a § 1132(a)(1)(B) claim to enforce a benefit plan should be characterized as a contract action and applied the four-year statute of limitations for suits sounding in contract. *Hogan v. Kraft Foods*, 969 F.2d 142 (5th Cir.1992). Similarly, in *Harrison v. Digital Health Plan*, 183 F.3d 1235 (11th Cir.1999), the Eleventh Circuit held that the proper characterization of a claim for benefits under

§ 1132(a)(1)(B) was as a contract claim and therefore, the Georgia statue of limitations governing written contracts applied. *Id.* at 1239 (quoting *Blue Cross & Blue Shield v. Sanders,* 138 F.3d 1347 (11th Cir.1998), which held that a reimbursement action for a fiduciary under § 1132(a)(3) was also a contract action).

Finally, the Ninth Circuit held that § 1132(a)(1)(B) actions should be characterized as contract actions. *Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program,* 222 F.3d 643 (9th Cir.2000)(en banc). That Court had previously held that the statute of limitations to be applied was the one found in the California Insurance Code. *See Nikaido v. Centennial Life Ins.,* 42 F.3d 557 (9th Cir.1994). The Court overruled its prior holding and characterized the § 1132 action as one for the enforcement of contract provisions. *Id.* at 648 (citing *Miles v. New York State Teamsters Conf. Pension and Retirement Fund Employee Pension Ben. Plan,* 698 F.2d 593, 598 (2d Cir.1983)).

While the First Circuit has not confronted the issue directly, two cases provide some guidance to this Court. In *Drinkwater v. Metropolitan Life Ins. Co.,* 846 F.2d 821, 825 (1st Cir.1988), the Court held that extracontractual damages were unavailable under § 1132(a)(3) of ERISA. In dicta, the First Circuit stated that a claim under § 1132 was a "simple contract claim...." *Id.* at 826. In another, more recent case, *I.V. Services of America v. Inn Development,* 182 F.3d 51 (1st Cir.1999), the First Circuit reviewed a District Court's adoption of a Magistrate Judge's Report and Recommendation. While the issue there related to equitable tolling, the benefits plan in question had an internal statute of limitations. The First Circuit reviewed the Magistrate Judge's analysis of the ap-

plicable statue of limitations under § 1132(a)(1)(B), and noted the Magistrate-Judge's options of: "the Plan's internal limitations clause,... the statute of limitations applicable to ERISA actions or Massachusetts contract law." *Id.* at 53.

The District of Massachusetts has reached the same conclusion as the other circuit courts who have decided the issue squarely. In *Salcedo v. John Hancock Mutual Life Ins. Co.,* 38 F.Supp.2d 37, 40 (D.Mass.1998), the Court held that "the most analogous state limitations period [to actions filed under § 1132] is the six-year statute of limitations applicable to contract actions." *Id.* at 40. In *Alcorn v. Raytheon Company,* 175 F.Supp.2d 117 (D.Mass.2001), the Court quoted *Salcedo* with approval. *Id.* at 120–121.

The Court could find no case law, within this District, that dealt with the statue of limitations under § 1132. However, using the above-referenced caselaw as guidance, the Court determines that the characterization of the claim is a matter of federal common law. *Wilson v. Garcia, supra.* Second, the claim is for money allegedly owed to a Plaintiff, and thus, the action is clearly one at law. Finally, the action is most analogous to a contract action, as opposed to a tort action, since the cause of action arises from the benefits Plan provided to Plaintiff by her employer.

Although the Defendants argue that this contractual relationship would not have arisen except for the employment relationship, this analysis would be contrary to *Wilson v. Garcia.* In that case, the Supreme Court characterized 42 U.S.C. § 1983 as a tort action, indicating that the intent of the Congress that wrote the law was to protect newly emancipated African Americans from physical injury and harassment. *Wilson v. Garcia,* at 276–

277, 105 S.Ct. 1938. Obviously, this cause of action was made possible by the enactment of the Reconstruction Amendments.[4] In the same vein, ERISA was enacted to protect workers' employment benefits. This does not automatically make § 1132 a cause of action under the labor laws. When looking solely at 29 U.S.C. § 1132, it becomes clear that the enforcement of a claim arising under a written benefits plan is a claim to enforce contractual duties. Therefore, Defendants' argument cannot prevail.

### IV. CONCLUSION

For the reasons stated above, the Court holds that the statue of limitations in this District is the residual contract statute found in the Puerto Rico Civil Code, 31 P.R. LAWS ANN. § 5294, which provides fifteen years for any action "for which no special term of prescription has been fixed..." and has been designated as the "catch-all provision" for contract disputes in Puerto Rico. *See, e.g. Caribbean Mushroom Co., Inc. v. Government Dev. Bank For Puerto Rico,* 102 F.3d 1307, 1312 (1st Cir.1996). The Defendants' Motion to Dismiss is **DENIED.**

**SO ORDERED.**

---

4. U.S. CONST. amends. XIII, XIV, XV.